J. A. JOHNSON, as Sheriff of Polk County, Florida, *Plaintiff in Error*, v. THE STATE OF FLORIDA ex rel. W. L. Fox, *Defendant in Error*.

Division A.

Opinion filed April 2, 1930.

712

*Peterson, Carver, Langston & O'Quin* and *Fred H. Davis,* Attorney General, for Plaintiff in Error;

*Johnson, Bosarge & Allen* and *W. C. Hodges,* for Defendant in Error.

ELLIS, J.—An information was lodged against W. L. Fox in the Criminal Court of Record of Polk County charging him as "public appointee, namely, a citrus fruit inspector of the State of Florida" with "accepting compensation and other remuneration other than those provided by law" for the "non-performance of a law" which it was the duty of Fox as "such public appointee to administer, respect, perform and execute." The duty alleged was "property inspecting certain citrus fruit to determine whether the same was mature as provided in the standards" fixed by the legislative acts, Chapter 10103 and Chapter 11875, Laws of 1925 and 1927 respectively. The place of the alleged violation of law was alleged to have been at the packing house of the Lake Wales Citrus Growers' Association in Polk County; the time November 15, 1928.

There was a second count charging in substance the same alleged criminal act. A warrant was issued upon the in-

formation and Fox was taken into custody by the sheriff. The warrant seems to have been issued on the 20th day of June, 1929, and on the same day Fox filed his petition for a writ of habeas corpus in the Circuit Court for Polk County and was immediately discharged upon the sheriff's return.

The State was allowed by order of the judge to take a writ of error to the judgment, which was done.

It is contended by the defendant in error that there is no such office under the law as Citrus Fruit Inspector and that the charge cannot be supported under Section 7486, Comp. Gen. Laws 1927, because the accused is neither a State, county or municipal officer or appointee.

Section 7486, *supra*, is as follows:

"It shall be unlawful for any officer, State, county or municipal, or any public appointee, or any deputy of any such officer or appointee, to exact or accept any reward, compensation, or other remuneration other that those provided by law, from any person whatsoever for the performance, non-performance or violation of any law, rule or regulation that may be incumbent upon the said officer or appointee to administer, respect, perform, execute or to have executed: Provided, that nothing herein shall be construed so as to preclude a sheriff or his deputies, city marshal or policeman from accepting rewards or remuneration for services performed in apprehending any criminal."

The theory of the State's prosecuting officer in formulating the charge in the information is that the accused was a State officer or a public appointee. If he was a mere deputy of a State officer it could not be said that the information wholly failed to state a case, although on the trial a question of variance might be raised between the

allegation that the accused was a public appointee and the proof that he was a deputy of such an appointee. If a Citrus Fruit Inspector is a term used to designate certain deputies of a public appointee or State officer the information would not be amenable to the criticism that it wholly failed to charge an office because it alleged the Inspector to be a public appointee. See Sec. 8368, Comp. Gen. Laws 1927; Williams v. State, 97 Fla. 401, 121 So. R. 462; In re Robinson, 73 Fla. 1068, 75 So. R. 604.

Where the indictment or information charges an offense substantially in the language of the statute it is not the subject for an attack on habeas corpus, although there may be inaccuracies and imperfections rendering it vulnerable to attack by demurrer, or motion to quash, or even a motion in arrest of judgment. Nor can a habeas corpus proceeding be made the substitute for a writ of error or an appeal. These doctrines are familiar law in this State and need no citations of authority to support them.

There is a defect in the information which may as well be noted here. The defect consists in the failure to negative the idea that the accused had good ground for believing that the remuneration accepted was authorized by law.

Section 7487, Comp. Gen. Laws 1927, makes that ingredient an essential element of the crime of accepting a reward or compensation other than that provided by law. The Section provides the punishment to be imposed upon one violating the provisions of Section 7486, *supra,* but the punishment is conditional upon such violation being without reasonable ground for belief on the part of the accused that the reward accepted was authorized by law. This language makes the absence of reasonable grounds for such belief an ingredient or necessary element of the offense. No penalty is provided, in other words, for accepting com-

pensation other than prescribed by law for performing a duty required of an officer. The penalty applies only when the officer does that without reasonable ground for believing that acceptance of the reward was authorized by law.

The information does not charge bribery. It charges merely the acceptance by a public appointee of a reward other than that provided by law for non-performance of ''property'' inspecting certain citrus fruit and in the second count for performance of duty.

The offense is purely statutory, not a common law offense. If the essential elements of an offense are not alleged in an information or indictment no offense is charged. The act with which the accused is charged in the information in law constitutes no offense punishable by statute. If there is no law punishing the act there can be no jurisdiction to detain or try one accused of the act. Ex parte Prince, 27 Fla. 196, 9 So. R. 659; Ex parte Hays, 25 Fla. 279, 6 So. R. 64; Ex parte Bailey, 39 Fla. 734, 23 So. R. 552; Lewis v. Nelson, 62 Fla. 71, 56 So. R. 436.

Reading the two statutes together it is apparent that receiving the compensation or reward by the public appointee without reasonable ground for believing that it was authorized constitutes the punishable violation of law. It may be argued that one is presumed to know that as a public appointee he is forbidden by law to accept other compensation for his services than that which is provided by law, but it is a rebuttable presumption at least in such cases where the appointee or deputy is compensated by a system of fees more or less complex and unclear. It may easily happen that an over charge may be erroneously made for some service, or that the employee was advised by his superior that the expenses involved in an inspection should be collected from the person whose fruit is to be examined. If such advice or instruction should be without authority

of law it could not be reasonably said that the deputy in acting upon such instructions or inadvertently accepting more compensation than allowed by statute acted with such criminal motive as to be in law a criminal intent which the statute seeks to reach.

A citrus fruit inspector under the provisions of Chapter 10103, *supra,* as amended by Chapter 11875, *supra,* may be a public appointee within the definition of the term as used in Section 7486, *supra,* which in the broader meaning of the term is one who may be appointed to an office or station under government by authority of law. See Abbott's Law Dictionary. This point however we do not now decide.

While under the provisions of Section 9, Chapter 10103, *supra,* as amended by Chapter 11875, *supra,* the Commissioner of Agriculture may employ citrus fruit inspectors who discharge their duties under his direction and supervision, a person so designated may be none the less a public appointee because his functions are no more than that of a deputy. The ingenuous argument of counsel that a citrus fruit inspector is an officer we do not now feel it incumbent upon us to attempt to answer because holding the information to be wholly without merit and the accused to have been detained without authority of law it is unnecessary to do so.

The judgment is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J, J., concur in the opinion and judgment.