STATE OF FLORIDA, ex rel. WILLIE CHERRY, *Petitioner*, vs. J. P. DAVIDSON, as Sheriff of Manatee County, Florida, *Respondent.*

139 So. 177.

Division B.

Opinion filed December 22, 1931.

*J. O. Brown,* of Bradenton, for Petitioner;

*Dewey A. Dye,* State Attorney, of Bradenton, for Respondent.

DAVIS, J.—By writ of habeas corpus the petitioner, Willie Cherry, seeks release from custody under an indictment found by the grand jury of Manatee County, Florida, charging him with being a common and notorious thief under Section 7233 C. G. L., 5132 R. G. S. His contention is that a person who has been twice convicted of petit larceny in a county court, and who has completed service of the term imposed upon him as the result of such convictions, may not, under Section 7233 C. G. L., *supra,* be proceeded against by indictment as a common and notorious thief in the Circuit Court of the county wherein both convictions were had, where the sole basis of the indictment is the two previous convictions of petit larceny, unrelated to the commission of another larceny upon which no previous conviction has been had.

Section 7233 C. G. L., *supra,* upon which the indictment in this case was based, reads as follows:

"SECOND CONVICTION OF LARCENY.—Whoever having been convicted either of the crime of larceny or of being accessory to the crime of larceny afterwards commits the crime of larceny, or is accessory thereto before the fact, and is convicted thereof, and whoever is convicted at the same term of the court, either as a principal or accessory before the fact, of two distinct larcenies, shall be deemed a common and notorious thief, and shall be punished by imprisonment in the State prison not exceeding twenty years, or in the county jail not exceeding one year."

Our research into the history of the statute shows that it was originally enacted as Section 22 of Chapter 1637, Acts of 1868, which was an Act to provide for the punish-

ment of crime, and proceedings in criminal cases. As originally enacted, the statute read as follows:

"Whoever, having been convicted upon indictment, either of (the) crime of larceny or of being accessory to the crime of larceny, afterwards commits the crime of larceny, or is accessory thereto before the fact, (and is convicted thereof upon indictment, and whoever is convicted at the same term of the court, either as principal or accessory before the fact,) of two distinct larcenies, shall be deemed a common and notorious thief, and be punished by imprisonment in the State penitentiary not exceeding twenty years, or in the county jail not exceeding one year."

There was contained in the same Act Section 18, which defined the crime of larceny and prescribed its punishment. Section 18 just referred to, reads as follows:

"Whoever commits larceny, by stealing of the property of another, any money, goods, or chattels, of any bank note, bond, promissory note, bill of exchange, or other bill, order or certificate, or any book of accounts for or concerning money or goods due, or to become due, or to be delivered, or any deed or writing containing a conveyance of land, or any other valuable contract in force, or any writ, process, or public record, if the property stolen exceeds the value of one hundred dollars, shall be punished by imprisonment in the State penitentiary not exceeding five years, or by fine not exceeding one thousand dollars and imprisonment in the county jail not exceeding one year; or if the property stolen does not exceed the value of one hundred dollars, shall be punished by imprisonment in the State penitentiary or county jail not exceeding one year; or by fine not exceeding three hundred dollars."

Said Section 17 has been brought forward into the Compiled General Laws of 1927 as Sections 7223-7224 C. G. L., 5122-5123 R. G. S., which sections define and provide for the punishment of grand and petit larceny. The history of these two sections shows that they have both been materially amended since their original enactment as Section 18 of the Act of 1868, above referred to.

By a reference to the foregoing quoted provisions of Section 18, as it originally read when it first became a law it will be observed that both grand and petit larceny were made felonies, but the punishment for larceny of goods of less than the value of one hundred dollars was made materially less than the punishment prescribed for larceny of goods of greater value. At common law all larceny was considered a felony, and at one time larceny was even regarded as a capital offense The Act of 1868 still preserved the character of the crime of larceny as being that of a felony, but undertook to make two degrees of the offense, for which different measures of punishment were provided. See Ex parte Bell, 19 Fla. 608. By Chapter 1693, Acts of 1869, McClelland's Digest 388, the stealing of property not exceeding twenty dollars in value was for the first time made a misdemeanor punishable by fine not exceeding one hundred dollars or imprisonment in the county jail not more than sixty days, or by both such fine and imprisonment.

Section 22 of the same Act, which has been above quoted, discloses that it was the intent of the Legislature in enacting that Section to provide a still greater measure of punishment where the defendant committed additional offenses so as to bring him within the classification of being a common and notorious thief. It also appears that from 1868 until the statute approved February 1, 1869, all classes of larceny were regarded as felonies and the common and notorious thief provision in the law was necessarily construed as providing a still greater measure of punishment for larceny felonies when more than two previous felonies had been committed.

While material changes appear to have been made in the language of the statute providing for the punishment of an offender as a common and notorious thief, it will nevertheless be observed that even in its present form, Section 7233, C. G. L., *supra,* makes reference to acces-

sories before or after the fact of larceny. We deem this use of the word "accessory" in the present statute as being material to indicate that it is still intended to refer to such previous convictions of larceny as would be deemed and held in law to be felonies. This is true because there can be no accessories to the commission of misdemeanors. Where misdemeanors are charged, all participants are principals, no distinction being made as to principals and accessories, as is made in the case of felonies.

So considering the history and original purpose of Section 7233 C. G. L., *supra,* which first came into existence as Section 22 of the Act of 1868, we are impelled to the conclusion that said Section 7233 should be construed to mean that whoever having been convicted of the crime of larceny or of being an accessory to the crime of larceny, where the conviction for larceny was a felony, afterwards commits the crime of larceny or is accessory thereto before the fact and is convicted thereof, and whoever is convicted at the same term of the court, either as a principal or accessory before the fact of two distinct larcenies which would each be felonies, shall be deemed a common and notorious thief, etc.

Criminal statutes, especially those undertaking to define and punish felonies, should in general be strictly construed, therefore, applying a strict construction to Section 7233 C. G. L., *supra,* as it now reads, and bearing in mind that its original intention was to provide greater punishment for the commission of the third or subsequent felony of larceny and that this statute in and of itself, has undergone little change in verbiage since its original enactment, we reach the conclusion that the petitioner in this case cannot be held on the indictment which has been returned against him, which does not charge two previous felony convictions of larceny or the commission of two larceny felonies, the convictions for which have been had at the same term of court. The petitioner is therefore en-

titled to his discharge from custody under said indictment and the judgment of the court is that he be released therefrom.

Petitioner discharged.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.