TYREE C. WHITEHURST, *Plaintiff in Error*, vs. STATE OF FLORIDA, *Defendant in Eror*.

141 So. 878.

Division A.

Opinion filed May 26, 1932.

*Zewadski & Pierce,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BROWN, J.—Plaintiff in error was tried on an information containing two counts. The jury returned a verdict of guilty as charged in the second count, judgment of conviction was entered and plaintiff in error was sentenced to imprisonment in the penitentiary for a year and a day. The defendant took writ of error.

The count of the information on which the conviction was based charged that the defendant, on a certain date, in Hillsborough County, "did unlawfully practice medicine without having first obtained a license so to do." The character or kind of license is not set forth—whether an occupational license, as provided for by Sections 1050, 1226, C. G. L., or a license from the State Board of Medi-

cal Examiners, as provided for under Sections 3404, 3408-3409, C. G. L. For practicing medicine without having first obtained an occupational license, the cost of which is fixed by Section 1226 at ten dollars, the penalty upon conviction is by fine not exceeding double the amount required for such license or imprisonment not exceeding six months (Section 7435, C. G. L.), while the penalty for practicing medicine, as defined in the statute, without being lawfully licensed and authorized so to do by the State Board, being the offense specifically defined by the provisions of Section 7704, C. G. L., is fixed by that statute to be by fine of not more than one thousand dollars, or imprisonment for not more than five years, or both. The trial court held that the second count of the information charged an offense against the latter statute, but reference to the language of the provisions of Section 7704, C. G. L., shows that the information was wholly insufficient to charge an offense under that statute. And if the information could be held sufficient to charge an offense under Section 7435, C. G. L., construed in connection with Sections 1050 and 1226, penalizing the carrying on or conducting of any business or profession without first obtaining the required occupational license, we are confronted with the fact that there is no evidence in the record to sustain such charge, nor was the sentence imposed appropriate thereto. These are sufficient reasons for reversing the judgment of conviction without passing on the other contentions made in behalf of plaintiff in error. Here we have such fundamental errors appearing of record as we would not be authorized to ignore, even though not raised in the trial court, as was the case as to one of them.

It is contended, and not without good reason, that where an indictment is so far lacking in adherence to statutory terms that the court cannot tell under which of two statutes it was drawn, the indictment is bad. See 31 C. J.

661, and cases cited in notes; also Johnson v. People, 113 Ill. 99; State v. Pratt, 54 Vt. 484. But this rule is hardly applicable here. However, we might note in this connection that this court has held that there can be no constructive offenses, and before a man can be punished for a statutory offense, his case must be plainly and unmistakably within the statute; Bradley v. State, 79 Fla. 651, 84 So. 677; that an indictment or information must allege every necessary element constituting the offense charged, and no such element should be left to inference; Potter v. State, 91 Fla. 938, 109 So. 91; and that in the construction of a penal statute, if there is any doubt as to its meaning, the court should resolve such doubt in favor of the citizen, Ex parte Amos, 93 Fla. 5, 112 So. 289.

Reversed.

BUFORD, C.J., AND ELLIS, J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.

DAVIS, J., disqualified.