J. L. CROFT, *Plaintiff in Error*, vs. STATE OF FLORIDA, *Defendant in Error*.

143 So. 599.

Division A.

Opinion filed August 24, 1932.

*Thomas B. Dowda*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, for the State.

BUFORD, C.J.—Plaintiff in error was convicted in the

Circuit Court of Putnam County under an indictment in the following language:

"IN THE NAME OF THE STATE OF FLORIDA.

In the Circuit Court of the Twenty-fifth Judicial Circuit of the State of Florida, for Putnam County, at the Fall Term thereof, in the year of our Lord One Thousand Nine Hundred and thirty-one,

THE GRAND JURORS OF THE STATE OF FLORIDA, enquiring in and for the County of Putnam, upon their oaths present that J. L. Croft and Elvy Woods, late of the County of Putnam aforesaid, in the Circuit and State aforesaid, laborer, on the 7th day of September, in the year of our Lord One Thousand, Nine Hundred and thirty-one, with force of arms and in the County of Putnam aforesaid, unlawfully and feloniously did agree, conspire, combine and confederate together to commit a certain offense, to-wit: embezzlement of a certain Ford automobile, motor number 1310083, a better description of said property being to the Grand Jurors unknown, against the form of the statute in such case made and provided, to the evil example of all others in like manner offending, and against the peace and dignity of the State of Florida.

OVERT ACT.

AND the Grand Jurors aforesaid upon their oaths aforesaid, do further present that the said J. L. Croft and Elvy Woods in the County of Putnam, State of Florida, on the 7th day of September, A. D. 1931, did do certain acts to effect the object of the said unlawful and felonious conspiracy, combination, confederacy and agreement, that is to say: That on the 7th day of September, A. D. 1931, in the County and State aforesaid, the said J. L. Croft was in possession of one Ford automobile, engine number 1310083, the property, goods and chattels of General Motors Acceptance Corporation, a corporation, and that he the said J. L. Croft then and there agreed with the said Elvy Woods for the said Elvy Woods to take said automobile and do away with the same in such a manner that the lawful owner, the General Motors Acceptance Corporation, a corporation, would be deprived of its said property.

AND SO The Grand Jurors aforesaid, on their oaths aforesaid, do say that the said defendants, at the time and place and in the manner aforesaid, unlawfully and feloniously did conspire to commit the offense against the State of Florida, and that the said defendants did do acts to effect the object of the conspiracy and against the form of the statute in such case made and provided, to the evil example of all others in like case offending, and against the peace and dignity of the State of Florida.''

After conviction defendant in the court below, plaintiff in error here, filed motion in arrest of judgment.

The indictment totally fails to charge any offense against the laws of Florida, and therefore, the motion should have been granted and the defendant discharged.

The judgment is reversed.

So ordered.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

BROWN, J. (concurring).—There is no allegation in the indictment that Croft was in possession of the automobile as the agent, servant or bailee of the owners, or under any other relationship with the owners within the scope of the embezzlement statutes.

See section 7244 to 7247 C. G. L.

DAVIS, J., concurs.