Ex parte BARNARD KILGORE.
143 So. 610.
Opinion filed September 20, 1932.

*S. Whitehurst's Sons, C. E. Ware* and *Whitaker Brothers,* for Petitioner;

*Cary D. Landis,* Attorney General, *Peterson, Carver & Langston, Holland & Bevis,* and *Zewadski & Pierce,* for Respondent.

PER CURIAM.—Informations were filed charging one Barnard Kilgore with having unlawfully sprayed his citrus grove with arsenic during the year 1931 and prior to December 6, 1931. The charge was predicated upon an alleged infraction of Section 1 of Chapter 14485, Acts of 1929, known as the "Arsenic Spray" Act.

That Section reads as follows:

"Section 1. It shall be unlawful for any person, partnership, association or corporation owning, managing or tending and cultivating citrus groves or trees to use arsenic or any of its derivaties or any combination, compound or preparation containing arsenic as a fertilizer or spray on bearing citrus trees except when so ordered by the Federal Government or State Plant Board for the purpose of destroying the Mediterranean fruit fly."

We have heretofore upheld the validity of the Act. See Maxcy, Inc. v. Mayo, Commissioner, 103 Fla. 552, 139 Sou. Rep. 121. And if Section 1 is to be construed alone and not in connection with the whole Act, a criminal offense is unquestionably charged in the information, and petitioner should be remanded.

Under the decision heretofore rendered, fruit taken from citrus groves located in the area quarantined because of the Mediterranean fruit fly, within twelve months after the lifting of the quarantine on December 6, 1930, though the trees had been sprayed with arsenic, was not subject to seizure and destruction under the Act and such seizure and destruction was enjoined by this Court.

In Ex parte Amos, 93 Fla. 5, 112 Sou. Rep. 289, it was said by us: "In the construction of a penal statute if there is doubt it is the duty of the Court to resolve such doubt

in favor of the citizen against the State." See also Texas Co. v. Amos, 77 Fla. 327, 81 Sou. Rep. 471.

Section 1 of Chapter 14485, *supra,* may be construed as standing alone and by itself declaring an offense, irrespective of the exemptions or exceptions stated or implied in the other sections of that Chapter. With equal force it may be, and is, contended by petitioner that construing the Act as a whole, and reading it in the light of what is judicially known to the Court as the motivating cause for its enactment, the Act makes no prohibition as to the use of arsenic on citrus trees located in the quarantined area, prior to December 6, 1931, which date is one year from the time the Mediterranean fruit fly quarantine was lifted.

The date of the offense charged in the information is stated to be June 20, 1931. The informations were filed August 8, 1931. No offense could be proved under either of them except an alleged unlawful spraying with arsenic prior to the date the informations were filed which would be prior to December 6, 1931.

The informations, however, do not show that the alleged spraying was done in an area which had been quarantined for the Mediterranean fruit fly though done prior to December 6, 1931. While our construction of Chapter 14485, *supra,* is that under Section 1 of that Act no criminal prosecution can be maintained for alleged unlawful spraying of citrus trees with arsenic prior to December 6, 1931, where the spraying was done in a quarantined area referred to in other Sections of the law, we must remand the petitioner to custody because it does not appear in the informations or otherwise that the alleged unlawful spraying on June 20, 1931, was on citrus trees in a grove located in the area which had been under quarantine for the Mediterranean fruit fly.

We give the doubt we entertain in the construction of the Act to the citizen against the State, by holding that no

offense under Section 1 can be made out by an allegation of unlawful spraying with arsenic in the quarantined area prior to December 6, 1931, but remand the petitioner to custody inasmuch as we are not judicially advised by the informations that the alleged spraying therein referred to was within the former quarantined area. If it should so appear at the trial, appropriate proceedings to take advantage of such matter of defense can be taken by the accused.

We adhere to our declaration previously made as to the constitutionality and enforceability of Section 1 of Chapter 14485, Acts of 1929, as a criminal statute, when invoked in applicable cases falling within the purview of that Section as here construed.

Petitioner remanded.

BUFORD, C.J. AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissent.