STATE, *ex rel.* ROBERT R. WILLIAMS, v. D. C. COLEMAN, as
Sheriff of Dade County.

180 So. 357.
En Banc.
Opinion Filed April 4, 1938.

*Hendricks & Hendricks* and *Davis & Davis,* for Pe-
titioner;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondent;

*Carson & Petteway, James M. Carson, Lewis W. Petteway, R. R. Rhudy* and *Casey, Walton & Spain,* as *Amici Curiae.*

PER CURIAM.—It was made to appear in this Court by petition that Robert R. Williams was being unlawfully detained and deprived of his liberty by D. C. Coleman, as Sheriff of Dade County, Florida. This Court on February 4, 1937, issued a writ of habeas corpus directed to the Sheriff of Dade County, directing him to produce the body of the petitioner in this Court, together with the cause or causes of detention. On February 10, 1938, a return was made by the Sheriff showing or making known to this Court that Robert R. Williams ·was being held on a capias issued by the Clerk of the Circuit Court of Dade County, Florida, charging the petitioner with the crime of conspiracy to bribe. The capias was predicated on an indictment presented by a grand jury of Dade County, Florida, and the material portion thereof is as follows:

"That on the sixteenth day of December, A. D. 1937, one ROBERT R. WILLIAMS, and one JOHN W. DuBOSE, and one RALPH B. FERGUSON, were each duly elected and acting City Commissioners of the City of Miami, Florida, a municipal corporation, and that on said sixteenth day of December, 1937, within the County of Dade and State of Florida, one THOMAS E. GRADY and the said ROBERT R. WILLIAMS, JOHN W. DuBOSE and RALPH B. FERGUSON did unlawfully agree, conspire and combine and confederate for the purpose of, and to the end that the said THOMAS E. GRADY should corruptly obtain from an officer, and officers, of the Florida Power and Light Company, a corporation organized and existing under the laws of the State of Florida, for, and

oń behalf, and for the use and benefit of the said ROBERT R. WILLIAMS, JOHN W. DUBOSE and RALPH B. FERGUSON, the sum of One Hundred and Fifty Thousand ($150,000.00) Dollars, lawful money of the United States of America, and with the agreement and understanding that of such moneys so to be obtained by the said THOMAS E. GRADY, as aforesaid, that he, the said ROBERT R. WILLIAMS, and he, the said JOHN W. DUBOSE, and he, the said RALPH B. FERGUSON, should each accept and receive as a gift and gratuity the sum of Fifty Thousand ($50,000.00) Dollars of the aforesaid moneys, under an agreement and with an understanding between them, the said THOMAS E. GRADY, ROBERT R. WILLIAMS, JOHN W. DUBOSE and RALPH B. FERGUSON, that in a meeting of the City Commission of said City, thereafter to be held, that the votes of the said ROBERT R. WILLIAMS, JOHN W. DUBOSE and RALPH B. FERGUSON, acting as City Commissioners aforesaid, should each be given in a particular manner upon a particular side of a question and proceeding which might by law be brought before them, the said ROBERT R. WILLIAMS and JOHN W. DUBOSE *and* RALPH B. FERGUSON, as City Commissioners of the said City of Miami, Florida, in their several official capacities aforesaid, that is to say, that the said ROBERT R. WILLIAMS, JOHN W. DUBOSE and RALPH B. FERGUSON were to cast their respective votes for and in favor of an ordinance of the City of Miami to be by them, or one of them, proposed to abrogate and repeal that certain Ordinance No. 1066 of the City of Miami, now extant, and to fix and establish by another Ordinance divers electric rates in the City of Miami;" * * *

The indictment was drafted under Section 7482 and 7541 C. G. L. which are as follows:

"7482 (5347). OFFICER ACCEPTING BRIBE.—Every executive, legislative or judicial officer, who corruptly accepts

a gift or gratuity, or a promise to make a gift, or do an act beneficial to such officer, under an agreement or with an understanding that his vote, opinion or judgment shall be given in any particular manner or upon a particular side of any question, cause or proceeding which is or may be by law brought before him, in his official capacity, or that in such capacity he shall make any particular nomination or appointment, shall forfeit his office, be forever disqualified to hold any public office, trust or appointment under the Constitution or laws of this State, and be punished by imprisonment in the State Prison not exceeding ten years, or in the county jail not exceeding one year, or by fine not exceeding five thousand dollars."

"7541 (5400). CONSPIRACY.—If two or more persons shall agree, conspire, combine or confederate: (1) To commit any offense; or (2) falsely or maliciously indict another for any offense, or procure another to be charged or arrested for any offense; or (3) falsely or maliciously to prove or maintain any suit; or (4) to cheat and defraud any person of any money or property by means which are in themselves criminal; or (5) to cheat and defraud any person of any money or property by any means which, if executed, would amount to a cheat or to obtaining property by false pretenses; or (6) to commit any act injurious to the public health or public morals, or for the prevention or obstruction of justice; or (7) to interfere with or prevent the holding or conducting of any election, or making returns thereof, or to prevent the due administration of the laws, they shall be punished by imprisonment not exceeding one year, or by fine not exceeding five hundred dollars."

It is suggested by counsel that if the indictment, *supra,* fails to charge a crime under the statutes of Florida, then the same could be sustained as a violation of the common law. The common law of England of a general nature in

force on July 4, 1776, became the law of Florida. See Section 87 C. G. L. The Legislature of Florida abrogated the common law in relation to the crime of bribery or attempted bribery as charged in the indictment by enacting certain statutes applicable thereto. This conclusion is supported by ₊Section 7126 C. G. L. The statutes of Florida so enacted as to bribery are Sections 7481, 7482, 7483, 7485, 7486, 7487, 7488 and 8172 C. G. L. It is settled that if the indictment, *supra,* is to be sustained, it must rest upon the duly enacted statutes of Florida controlling the cause, because the crime of attempted bribery or bribery at the common law has been changed by the above statutes.

Statutes in derogation of the common law and penal statutes should be strictly construed and if there is any doubt as to their meaning, the courts should resolve such doubt in favor of the citizen. See *Ex Parte* Amos, 93 Fla. 5, 112 So. 289; Whitehurst v. State, 105 Fla. 574, 141 So. 878; Texas Co. v. Amos, 77 Fla. 471, 81 So. 471; *Ex Parte* Kilgore, 106 Fla. 723, 143 So. 610; Maxcy v. Mayo, 103 Fla. 552, 139 So. 121. See also State v. Davidson, 103 Fla. 954, 139 So. 177.

It is essential that the indictment here should charge a crime against the laws of Florida. It is true that a conspiracy to commit a crime is prohibited by the laws of Florida. If the above indictment fails to state a crime *per se,* then the conspiracy falls of its own weight. See Croft v. State, 106 Fla. 519, 143 So. 599. A pertinent summary of the indictment appearing in one of the briefs is, viz.:

"1. Williams, DuBose and Ferguson were City Commissioners of the City of Miami.

"2. They agreed, conspired, combined and confederated with Grady.

"3. The agreement and conspiracy was for the purpose, and to the end, that Grady 'should corruptly obtain' from 'an officer and officers' of Florida Power & Light Company, the sum of $150,000.00.

"4. Grady was to obtain the money for, on behalf, and for the use and benefit of the Commissioners, with the agreement and understanding that of the money 'so to be obtained' by Grady, each Commissioner should accept and receive a gift and gratuity of $50,000.00.

"5. The acceptance and receipt of the $50,000.00 by each Commissioner was to be under an agreement and with an understanding, between Grady and the Commissioners, that in a meeting of the City Commission, thereafter to be held, the vote of each Commissioner, acting in that capacity, should be given in a particular manner upon a particular side of a question and proceeding which might by law be brought before them, as such Commissioners.

"6. The agreement and understanding concerning the giving of the votes was that each Commissioner was to cast his vote for and in favor of a city ordinance to be by them, or one of them, 'proposed to abrogate and repeal' a prior city ordinance then extant, and to fix and establish 'by another ordinance' divers electric rates in the city.

"7. Grady and the Commissioners unlawfully agreed, conspired and confederated to commit the offense of 'accepting a bribe,' contrary to the form of the statute in such cases made and provided.

The pivotal point here is whether or not a duly elected Commissioner of the City of Miami, a municipal corporation, is included in the phrase or clause of Section 7482 C. G. L., viz.: Every executive, legislative or judicial officer corruptly accepting a gift or gratuity in exchange for his vote in any proceeding. This is the first appearance of this question in this Court. The State of Michigan (See

Section 9242, Statutes of Michigan has a statute similar or almost identical with Section 7482 C. G. L. now before us, and the Supreme Court of Michigan in People v. Swift, 59 Mich. 529, 26 N. W. Rep. 694, held that a municipal officer was included in the phrase or clause of "executive, legislative or judicial officer." Subsequent decisions of the Supreme Court of Michigan have reaffirmed the decision of People v. Swift, *supra*. It appears that municipal officers under the Constitution of Michigan are State officers, and in this manner are included in the clause or phrase of "executive, legislative or judicial officers." Section 8 of Article VIII of the Constitution of Florida gives the Legislature of Florida the power to "create and establish, alter and abolish municipalities," and by legislative enactments prescribe the duties, etc., of municipal officers.

We have observed 9 Corpus Juris, pages 406 to 412, cited by the Attorney General's office. In the light of previous decisions of this Court directing that penal or criminal statutes shall be strictly construed, we doubt our authority to construe or interpret Section 7482 C. G. L., in the broader term so as to include municipal officers in the phrase or clause of "executive, legislative or judicial officers."

Section 27, Article III, of the Constitution of Florida, provides that all *county* and *State officers* not appointed by the Governor shall be elected by the people. The officers contemplated by this provision of the Constitution never in practical operation has been expanded in its meaning so as to include "municipal officers." The officers subject to suspension and removal by the Governor with the approval and consent of the Senate under Section 15, Article IV, of the Constitution of Florida, in its practical operation has never included "municipal officers." It is true that our Constitution makes provision for and classifies its officers as executive, legislative and judicial; it is also true that the

statute, *supra,* makes it unlawful to "accept a gift or gratuity in exchange for a vote in any proceeding," but it fails to observe where this statute makes it a criminal offense for an executive, legislative or judicial officer to seek or solicit a bribe regardless of how shocking it may be to moral sensibilities, offensive to moral standards, or violates the ethics of good citizenship.

We have examined the case of Bryan v. Landis, *ex rel.* Reeve, 106 Fla. 19, 142 So. 650, and agree fully with this authority. The answer is Section 7126 C. G. L. The existing provisions by statute on the subject of bribery are Sections 7481 to 7488 C. G. L., inclusive.

It is not the duty or responsibility of this Court to make or enact laws, but to construe and interpret them. We are powerless to read into a statute (municipal officers) that which the Legislature in its wisdom omitted from Section 7482 under which the indictment is drafted. It has not by statute made the acts described in the indictment a crime in Florida.

A writ of habeas corpus is the proper remedy for relief against criminal process not charging a crime under the laws of Florida. See State, *ex rel.,* v. Windham, 120 Fla. 206, 162 So. 501; Lewis v. Nelson, 62 Fla. 71, 56 So. 436; *Ex Parte* Prince, 27 Fla. 196, 9 So. 659, 26 Am. St. Rep. 67; *In re* Robinson, 73 Fla. 1068, 75 So. 604; Lehman v. Sawyer, 106 Fla. 296, 143 So. 310.

The indictment in this case fails to charge a crime under the laws of Florida and for this reason the petitioner is discharged.

It is so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.