STATE, *ex rel.* THOMAS E. GRADY, v. D. C. COLEMAN, as Sheriff of Dade County.

183 So. 25.
Opinion Filed July 11, 1938.

Carson & Petteway and Lewis W. Petteway, for Petioner;

George Couper Gibbs, Attorney General, and Tyrus A. Norwood, Assistant Attorney General, for Respondent.

PER CURIAM.—It was made to appear in this Court by petition that Thomas E. Grady was being unlawfully detained and deprived of his liberty by D. C. Coleman, as Sheriff of Dade County, Florida. On the 23rd day of April, 1938, this Court, through Mr. Justice TERRELL, issued a writ of habeas corpus directed to the Sheriff of Dade County, Florida, and requiring that he produce the body of the petitioner in this Court, together with the cause, or causes, of detention. On the 10th day of June, 1938, a return was made by the Sheriff of Dade County showing or making known unto this Court that Thomas E. Grady, petitioner, was being held on a capias issued by the Clerk of the Circuit Court of Dade County, Florida, charging the petitioner with violation of Section 7486 C. G. L. The capias was predicated on an indictment presented by a grand jury of Dade County, Florida. The return as made by the Sheriff further recites that subsequent to the filing of the indictment there was filed with the Clerk of the Criminal Court of Record for Dade County, Florida, a certain in-

formation consisting of three counts, and Counts 1 and 2 are, viz.:

"1. ROBERT R. TAYLOR, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that heretofore, to-wit: on the 16th day of August, in the year of our Lord, one thousand nine hundred and thirty-seven, in the County and State aforesaid, the Florida Power and Light Company, was and still is a corporation organized and existing under the laws of the State of Florida and engaged in the business of manufacturing and selling electricity to the inhabitants of the City of Miami, Florida, and on said 16th day of August, A. D. 1937, there was and had been for a long time previous thereto, a dispute, disagreement and difference between the said Florida Power and Light Company and the City of Miami, a municipal corporation, as to certain alleged debts, claims and demands of the said City of Miami against the said Florida Power and Light Company, and as to alleged claims, debts and demands of the said Florida Power and Light Company against the said City of Miami; that on said 16th day of August, A. D. 1937, in order to attempt to bring about a settlement of said disputes, disagreements and differences between the said City of Miami and the said Florida Power & Light Company, the City Commission of the said City of Miami, duly authorized the Mayor of said City of Miami to appoint a committee to act for and represent the said City in carrying on negotiations with the said Florida Power & Light Company, and thereafter to make a report and recommendations to the City Commission thereon; that on said 16th day of August, A. D. 1937, and at all times thereafter up to the date of the filing of this information, one ROBERT R. WILLIAMS was a duly elected and acting City Commissioner of the said City of Miami, and the

Mayor of said City of Miami, and one JOHN W. DuBose was also a duly elected and acting City Commissioner of said City, and on the 18th day of August, A. D. 1937, and at all times thereafter until the 22nd day of December, A. D. 1937, one THOMAS E. GRADY and the said JOHN W. DuBose were members of the committee aforesaid, being thereto duly appointed by the Mayor of said City as authorized by said City Commission as aforesaid; that on, to-wit: the 16th day of December, A. D. 1937, the said THOMAS E. GRADY, ROBERT R. WILLIAMS and JOHN W. DuBose, conspiring and confederating together to demand, exact and accept from the said Florida Power & Light Company a reward, compensation and remuneration not authorized by law for the performance, non-performance and violation of their respective duties in the premises as officers and appointees of said City, as aforesaid, did, on the said 16th day of December, A. D. 1937, in the County of Dade and State of Florida, unlawfully and corruptly demand and exact of and from one Bryan Hanks, the President of the said Florida Power & Light Company, the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) as a gift, gratuity, remuneration and reward, to them, the said THOMAS E. GRADY, ROBERT R. WILLIAMS and JOHN W. DuBose, not authorized by law, for and in consideration of the bringing about and effecting a compromise, adjustment and settlement of said disputes, disagreements and differences between the said City of Miami and the said Florida Power & Light Company, on terms satisfactory to and as offered and suggested by the said Florida Power & Light Company, and without any reasonable grounds for believing that the said reward, compensation and remuneration so demanded and exacted was authorized by law.

"And so the said Robert R. Taylor aforesaid, on his oath as aforesaid, does say that the said THOMAS E. GRADY,

ROBERT R. WILLIAMS and JOHN W. DuBOSE, officers and appointees of the said City of Miami, a municipal corporation, did, on the 16th day of December, A. D. 1937, in the County and State aforesaid, unlawfully exact a reward, compensation and remuneration other than provided by law for the performance, non-performance and violation of the laws, rules and regulations incumbent upon them, the said THOMAS E. GRADY, ROBERT R. WILLIAMS and JOHN W. DuBOSE, as such officers and appointees aforesaid, to administer, respect, perform, execute and have executed, without reasonable ground for believing that the reward, compensation and remuneration exacted was authorized by law, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

"2.  ROBERT R. TAYLOR, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, further information makes that THOMAS E. GRADY, ROBERT R. WILLIAMS and JOHN W. DuBOSE, and each of them, the defendants herein, of the County of Dade and State of Florida, did, in the County of Dade and State of Florida, on the 16th day of August, 1937, and upon divers times, occasions and dates thereafter, and prior to the date of the filing of this information between themselves and each of them, the said THOMAS E. GRADY, ROBERT R. WILLIAMS and JOHN W. DuBOSE, did unlawfully, willfully, and knowingly agree, conspire, combine and confederate between themselves, the said THOMAS E. GRADY, ROBERT R. WILLIAMS, and JOHN W. DuBOSE, and each with the other aforesaid, to commit an offense against the State of Florida, to-wit: to violate Section 5351, Revised General Statutes of Florida, the same being Section 7486, Compiled General Laws of Florida, 1927, in that theretofore, to-wit: on the 16th day of August, 1937, the Com-

mission of the City of Miami, a municipal corporation, organized and existing under the laws of the State of Florida, met at the City Hall, in said City. The meeting was called to order by the defendant, Robert R. Williams, who was then and there and at all times thereafter up to the date of the filing of this information, the duly elected and qualified and acting Commissioner and Mayor of the City of Miami, Florida, and on roll call all the members of the Commission were present including the defendants, ROBERT R. WILLIAMS and JOHN W. DuBose, who were then and there, and at all times thereafter, up to the date of the filing of this information, duly elected, qualified, and acting Commissioners of the City of Miami, Florida.

"That the alleged purpose of the aforesaid meeting was to discuss and determine the advisability of further conference relating to disputed matters, then pending, between the City of Miami and the Florida Power & Light Company, which was and still is a corporation organized and existing under the laws of Florida and engaged in the business of manufacturing and selling electricity to inhabitants and consumers in the City of Miami, Florida.

"That the alleged disputed matters then pending between the said Florida Power & Light Company, a corporation, and the City of Miami, as presented for general discussion, at the aforesaid meeting of the Commissioners of the City of Miami were alleged to be as follows:

"1. City's claim against the said Florida Power & Light Company, for unpaid taxes.

"2. Florida Power & Light Company's claim against the City for street lighting service and dispute with respect to rates for such service.

"3. Claims and differences pertaining to fire hydrant service rendered to the City by the Florida Power & Light Company.

"4. Matters relating to the rendition of water service, including a possible adjustment of water rates and also the possible acquisition by the City of Miami of the water supply distribution.

"5. Matters relating to the rendition of gas service.

"6. Amounts which may be due the City of Miami on account of provisions in franchise ordinances relating to excess profits realized from the rendition of service.

"7. Matters relating to street car and bus service and claims by the company against the City of Miami predicated upon such service.

"8. The electric rate case, which had previously been decided in favor of the City of Miami in the United States District Court, but was then and there pending in the United States Circuit Court of Appeals for the Fifth Circuit by reason of an appeal sued out by the Florida Power & Light Company.

"That at the aforesaid meeting of the said Commission of the City of Miami, a certain resolution was regularly and duly introduced, moved and adopted, to-wit:

" 'RESOLUTION No. 13047.

" 'A RESOLUTION TO AUTHORIZE THE MAYOR TO APPOINT A COMMITTEE AND TO ENTRUST THAT COMMITTEE WITH THE HOLDING OF HEARINGS AND CONFERENCES REGARDING THE SETTLEMENT OF CONTROVERSIAL MATTERS BETWEEN THE FLORIDA POWER & LIGHT COMPANY AND THE CITY OF MIAMI AND THAT THE SAID COMMITTEE BE INSRUCTED TO REPORT TO THE CITY COMMISSION FROM TIME TO TIME REGARDING THE PROGRESS OF ITS WORK.

" 'BE IT RESOLVED BY THE COMMISSION OF THE CITY OF MIAMI:

" 'That the Mayor be, and he is hereby authorized to appoint a committee and to entrust that committee with the

holding of hearings and conferences regarding settlement of controversial matters between the Florida Power & Light Company and the City of Miami, and that the said committee be instructed to report to the City Commission from time to time regarding the progress of its work.'

"That thereafter, to-wit: on the 18th day of August, 1937, the defendant, ROBERT R. WILLIAMS, as Mayor of the City of Miami, announced, stated and declared that pursuant to the authority vested and granted in and to him by reason of the aforesaid resolution, to-wit: Resolution No. 13047, he had named the following committee with authority to confer with the representatives and agents of the Florida Power & Light Company, to-wit:

"Commissioner JOHN W. DUBOSE (defendant herein),

"Commissioner R. C. GARDNER,

"Rate and Traffic Consultant, THOMAS E. GRADY (defendant herein),

"Consulting Engineer CARL F. LAMBERT,

"Rate Consultant SIDNEY S. HOEHL.

"That the defendant herein, THOMAS E. GRADY, having been appointed a member of the Committee, as provided for in the aforesaid Resolution No. 13047, in the capacity of Rate and Traffic Consultant, accepted the same by assuming to act as such and did then and there become a public appointee, whose duty it was honestly, fairly, justly, faithfully and conscientiously to administer, respect, perform, execute and have executed the law, rule, regulation and resolution herein described as Resolution No. 13047, wherein and whereby the Mayor and defendant, ROBERT R. WILLIAMS, was authorized and did appoint the defendant, THOMAS E. GRADY, as a member of said Committee authorized to hold hearings and conferences regarding settlement of the herein described controversial matters then existing

between the Florida Power & Light Company and the City of Miami and to report to the Commission of the City of Miami from time to time regarding the progress of its work. And it was further the duty of the defendant, THOMAS E. GRADY, as such public appointee, member of said Committee, and Rate and Traffic Consultant not to exact and demand any reward, compensation or other remuneration other than those provided by law from any person whomsoever for the performance or non-performance, administration or execution of the law, rule, regulation and resolution herein described as Resolution No. 13047.

"That the defendant herein, JOHN W. DUBOSE, being Commissioner of the City of Miami, and having been appointed a member of the Committee as provided for in the aforesaid Resolution No. 13047, accepted the said appointment as a member of said Committee by assuming to act as such, and by reason of the defendant, JOHN W. DUBOSE, being Commissioner and member of the Committee aforesaid, it was his duty honestly, fairly, justly, faithfully, and conscientiously to administer, respect, perform, execute and have executed the law, rule, regulation and resolution herein described, to-wit: Resolution No. 13047, wherein and whereby the said defendant, ROBERT R. WILLIAMS, as Mayor, was authorized and did appoint the defendant, JOHN W. DUBOSE, as a member of said Committee, authorized to hold hearings and conferences regarding settlement of the herein described controversial matters then existing between the Florida Power & Light Company and the City of Miami, and to report to the Commissioners of the City of Miami from time to time regarding the progress of its work. And it was further the duty of the defendant, JOHN W. DUBOSE, as such Commissioner and member of said Committee, not to exact and demand any reward, compensation or other remuneration other than those provided by

law from any person whomsoever for the performance or non-performance, administration or execution of the law, rule, regulation and resolution herein described, to-wit: Resolution No. 13047.

"That it was the duty of the defendant herein, ROBERT R. WILLIAMS, by reason of his being a Commissioner and Mayor of the City of Miami, to honestly, fairly, justly, faithfully, and conscientiously see that all the laws, rules, regulations and resolutions of the City of Miami were duly administered and executed and particularly Resolution No. 13047, wherein and whereby the said defendant, ROBERT R. WILLIAMS, as Mayor of the City of Miami, was authorized and did appoint a committee authorized to hold hearings and conferences regarding settlement of the herein described controversial matters then existing between the Florida Power & Light Company and the City of Miami and to report to the Commission of the City of Miami from time to time regarding the progress of its work. And it was further the duty of the defendant, ROBERT R. WILLIAMS, as such Commissioner and Mayor, not to exact and demand any reward, compensation or other remuneration other than those provided by law from any person whomsoever for the performance or non-performance, administration or execution of any of the laws, rules, regulations and resolutions of the City of Miami and particularly the resolution herein described, to-wit: Resolution No. 13047.

"That the said defendants herein, ROBERT R. WILLIAMS, while Mayor and Commissioner of the City of Miami; JOHN W. DUBOSE, while Commissioner of the City of Miami, and member of the aforesaid Committee; and THOMAS E. GRADY, while a member of the Committee and Rate and Traffic Consultant aforesaid, did, in the County of Dade and State of Florida, unlawfully and knowingly agree, conspire, combine and confederate between themselves to demand

and exact from one Bryan Hanks, as President of the said Florida Power & Light Company, a corporation, a reward, compensation and remuneration not authorized by law, for the performance, non-performance and violation of their respective duties in the premises as Municipal officers and public appointees respectively of said City of Miami, as aforesaid, did then and there, while municipal officers and public appointees aforesaid, unlawfully and knowingly agree, conspire, combine and confederate between them-selves to unlawfully and corruptly demand and exact of and from the said Bryan Hanks as President of the Florida Power & Light Company, a corporation, and from said corporation, the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) as a gift, gratuity, remuneration and reward, to them, the said ROBERT R. WILLIAMS, JOHN W. DuBose and THOMAS E. GRADY, not authorized by law, for and in consideration of the bringing about and effecting a compromise, adjustment and settlement of said disputes, disagreements and differences between the City of Miami and the said Florida Power & Light Company, a corporation, on terms satisfactory to the said Florida Power & Light Company and without reasonable grounds for believing the said reward, compensation and remuneration so unlawfully agreed and conspired to be demanded and exacted was authorized by law, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

A *nolle prosequi* having been entered as to the Third Count, the legal sufficiency of Counts One and Two is to be considered here. The counts are drafted under Sections 7486, 7487 and 7541 C. G. L. It is contended that Counts One and Two of the information are void on the following grounds:

"As to the First Count:

"1. The first count of the information charges no criminal offense against the laws of the State of Florida.

"2. It appears from said count of the information that the petitioner, Thomas E. Grady, was a public appointee only by virtue of his appointment to a committee authorized by the City Commission of the City of Miami, Florida, for the purpose of acting for and representing the said City in carrying on negotiations with the Florida Power & Light Company and thereafter to make a report and recommendations to the City Commission thereon, and it affirmatively appears from said count that the act sought to be influenced by the bribe was not one which was incumbent upon the petitioner as a public appointee to perform, respect, execute or to have executed.

"3. It affirmatively appears from said count of the information that there was no law, rule or regulation concerning which it was the legal duty of the petitioner as a public appointee to respect, execute or to have executed.

"4. It affirmatively appears from said count that there was no legal duty resting upon the petitioner as a public appointee to perform or not to perform the act or acts sought to be influenced by the bribe.

"As to the Second Count:

"1. The second count of the information charges no criminal offense against the laws of the State of Florida.

"2. It appears from said count of the information that the petitioner, Thomas E. Grady, was a public appointee only by virtue of his appointment to a committee authorized by the City Commission of the City of Miami, Florida, for the purpose of acting for and representing the said City in carrying on negotiations with the Florida Power & Light Company and thereafter to make a report and recommenda-

tions to the City Commission thereon, and it affirmatively appears from the said count that the act sought to be influenced by the bribe was not one which was incumbent upon the petitioner as a public appointee to perform, respect, execute or have executed.

"3. It affirmatively appears from said count of the information that there was no law, rule or regulation concerning which it was the legal duty of the petitioner as a public appointee to respect, execute or to have executed.

"4. It affirmatively appears from said count that there was no legal duty resting upon the petitioner as a public appointee to perform or not to perform the act or acts to be influenced by the bribe."

It will be observed that Count One, *supra,* is identical with the information before the Court in the case of State v. Coleman, 131 Fla. 872, 180 So. 360, about which this Court said:

"As we construe the language of the statute, Section 5351, R. G. S., Section 7486, C. G. L., under which the indictment in this case is drawn, it applies only in cases where reward, compensation, or other remuneration other than those provided by law is received by the official charged with the violation thereof, or is made a condition precedent to the performance or non-performance of a legal duty, and a violation of the statute may either occur by the officer making the payment of unlawful compensation to him a condition precedent to his performance or non-performance of a legal duty, or by the officer *demanding and* receiving the unlawful compensation or by the officer *accepting* unlawful compensation voluntarily offered him in consideration for which he agrees to perform or execute, or not to perform or execute any law, rule, or regulation that may be the legal duty of such officer or public appointee to re-

spect, exceute, or to have executed. The act sought to be influenced by the bribe must be one which is incumbent upon the officer or public appointee to perform, respect, or execute or to have executed.

"An adjudication on this point, however, is not essential to the disposition of the question before us at this time because the indictment uses the word, 'exact,' which is the same word used in the statute, and we are not now concerned with the question of what may be sufficient to prove this allegation of the indictment. We do not mean to say whether or not the allegations of the indictment are sufficient to withstand motion to quash. As to this we express no opinion, although aside from the allegations above mentioned, the allegations that any certain legal duty rests upon the accused appear, at best, vague and uncertain."

We think Count One of the information, *supra,* is ruled by State v. Coleman, *supra.*

We pass to the legal sufficiency of Count Two of the information. The necessary allegations that should appear in an indictment under Sections 7486 and 7487 C. G. L., were considered by this Court in the case of Johnson v. State, *ex rel* Fox, 99 Fla. 711, 127 So. 317; Calloway v. State, 112 Fla. 599, 152 So. 429.

The statutes, Sections 7486 and 7487, *supra,* with reference to Calloway v. State and Johnson v. State, *ex rel* Fox, *supra,* contemplate an exaction or acceptance of compensation or reward for omitting or delaying the performance of a duty other than that provided by law. The gravamen of the action, as stated by Mr. Justice ELLIS in the Calloway case, is the exacting by the officer of compensation or extortion practiced by demanding the sum required. If the money is demanded and there is a meeting of the minds on the part of the officer who is to be compensated or rewarded by his exaction or acceptance of the reward other

than that allowed by the law, and the party from whom it is exacted or accepted, then the statutes, *supra,* have been violated. The *indictment* alleges that Thomas E. Grady, Robert R. Williams, John W. DuBose and Ralph B. Ferguson, "conspiring and confederating to exact and accept a reward, compensation and remuneration from the Florida Power & Light Company, not authorized by law and in violation of their respective official duties, on December 16, 1937, in the performance of their conspiracy and confederation did exact of Bryan Hanks, an officer of the Florida Power & Light Company the sum of $250,000.00 as a gift or reward not authorized by law for effecting an adjustment or' settlement of a disputed claim between the Florida Light & Power Company and the City of Miami. The indictment alleges a conspiracy and confederation on the part of the defendant to exact the aforesaid money. It was a plan, scheme, intent or design on the part of the defendants to ask for, exact or demand and to accept the money. The law makes it a crime to exact or accept money, and when there is a conspiracy or confederation to exact or accept money and steps are taken only to promote the conspiracy, the Florida statutes, *supra,* are not violated. Criminal statutes in derogation of the common law must be strictly construed and if there is any doubt as to their meaning the courts should resolve it in favor of the citizen. See *Ex parte* Amos, 93 Fla. 5, 112 So. 289; Whitehurst v. State, 105 Fla. 574, 141 So. 878; Texas Co. v. Amos, 77 Fla. 327, 81 So. 471; *Ex parte* Kilgore, 106 Fla. 723, 143 So. 610; Maxcy, Inc., v. Mayo, 103 Fla. 552, 139 So. 121; State, *ex rel.* Cherry, v. Davidson, 103 Fla. 954, 139 So. 177.

The common law of England of a general nature in force in England on July 4, 1776, became the law of the State of Florida. See Section 87 C. G. L. The common law crimes of bribery and attempted bribery were changed in

Florida. Section 7126 C. G. L. The Legislature of Florida, by enacting laws on bribery, changed the common law and the same is now controlled by statute. See Sections 7481 to 7488 C. G. L.

Count Two of the information in this case fails to charge a crime under the laws of Florida.

The petitioner is remanded to the lower court for further proceedings according to law under Count One of the information.

ELLIS, C. J., and BUFORD and CHAPMAN, J. J., concur.

WHITFIELD and BROWN, J. J., concur in part and dissent in part.

BROWN, J. (concurring in part and dissenting in part).— I concur in the holding that Count One states an offense, but I dissent to the holding that the second count does not. In habeas corpus proceedings, the indictment or information cannot be attacked for purely technical irregularities, but in order to authorize discharge from custody thereunder it must wholly fail to charge any offense known to the criminal laws in force in this State. See the writer's Special concurring opinion in State v. Coleman, 180 So. 360, and authorities therein cited.

WHITFIELD, J., concurs.