171 So.2d 186 (1965)
T.A. BUCHANAN, as Sheriff and Director of Public Safety, Metropolitan Dade County, Florida, Appellant,
v.
STATE of Florida ex rel. John S. HUNT, Appellee.
No. 64-206.
District Court of Appeal of Florida. Third District.
January 19, 1965.
Rehearing Denied February 17, 1965.
*187 Earl Faircloth, Atty. Gen., Richard E. Gerstein, State Atty., and Joseph Durant, Asst. State Atty., for appellant.
Harry W. Prebish, Miami, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
CARROLL, Judge.
This is an appeal by the respondent below from a judgment of the circuit court in habeas corpus, discharging from custody a petitioner who was under prosecution in another court. The appellee John S. Hunt with others had been informed against for violation of the act relating to sale of securities, Chapter 517, Fla. Stat., F.S.A. They were charged separately with selling mortgages on unimproved property upon fraudulently representing them to be on improved property (a felony under § 517.31, Fla. Stat., F.S.A.), and together with conspiring to do so (a felony under § 833.04, Fla. Stat., F.S.A.). Jurisdiction for prosecution of such felonies was in the criminal court of record of Dade County.
Hunt and others accused moved in the criminal court of record to quash the information on a number of grounds including contentions of insufficiency and that the acts alleged were exempted transactions under the statute. The criminal court of record denied the motion to quash. Prosecution in that court was interrupted by issuance of a writ of habeas corpus of the circuit court.
The petition for writ of habeas corpus did not challenge the validity of the statute under which Hunt was charged in the information, or contend that the information failed to allege a crime under the statute. The contention relied on in the petition was *188 that the transactions involved were exempted under the statute. In addition, the petition revealed that a motion to quash the information had been made and denied in the criminal court of record, and attached a copy of that motion which showed it included the contention that the transactions were exempted. The respondent sheriff's answer to the habeas corpus writ recited the statutory violations for which petitioner was held, and averred the motion to quash the information had been made and denied in the criminal court of record.
The circuit court judgment in habeas corpus discharging the petitioner made no reference to petitioner's claim that his acts were exempted transactions under the statute, and the judgment was not based on that ground, but on the ground that the allegations in the information were insufficient and not such as would inform the accused of a specific offense with which he was charged. That ruling by the circuit court was erroneous because it went beyond the scope of inquiry on habeas corpus on application of one under prosecution for a criminal offense, which was limited to a determination of the validity of the statute under which Hunt was charged and as to whether the allegations of the information wholly failed to state any offense under the laws of the state of Florida. See Ex parte Prince, 27 Fla. 196, 9 So. 659; In re Robinson, 73 Fla. 1068, 75 So. 604, 606, L.R.A. 1918B, 1148; Hepburn v. Chapman, 109 Fla. 133, 149 So. 196, 198-199; Taylor v. Chapman, 127 Fla. 401, 173 So. 143; State ex rel. Franc v. Henderson, Fla. 1952, 57 So.2d 840, 841; State ex rel. Leonard v. Kelly, Fla. 1957, 92 So.2d 172; Kelly v. State ex rel. Curry, Fla. 1957, 92 So.2d 178; 15 Fla.Jur., Habeas Corpus, § 33. Thus, in Ex parte Prince, supra, the Supreme Court said (9 So. at 660):
"* * * [W]here an indictment has been found which, although subject to attack and overthrow upon demurrer, contains enough to show that an offense has been committed of which the court has jurisdiction, the party charged cannot be discharged on writ of habeas corpus, but will be remitted to the court in which the indictment is pending for such proceedings as the law may warrant. * * * The writ cannot be used as a substitute for a demurrer, a motion to quash, a writ of error, or an appeal or certiorari. * *"
Appellate jurisdiction of the cause in the criminal court of record involving a felony was in the district court of appeal, and not in the circuit court. See Florida Constitution, Art. V, sections 5(3) and 6(3), F.S.A. The proceedings in the circuit court, which resulted in discharge of the petitioner, amounted to an appellate review and reversal of the interlocutory order of the criminal court of record denying the motion to quash the information.
The information charged the offenses substantially in the language of the statutes invoked. Therefore the information did not wholly fail to state an offense, and was not open to attack on habeas corpus. Nor could the habeas corpus proceeding be made the substitute for an appeal to review the trial court's order holding the information was sufficient. In the case of Johnson v. State ex rel. Fox, 99 Fla. 711, 127 So. 317, 318, the Supreme Court said:
"Where the indictment or information charges an offense substantially in the language of the statute, it is not the subject for an attack on habeas corpus, although there may be inaccuracies and imperfections rendering it vulnerable to attack by demurrer, or motion to quash, or even a motion in arrest of judgment. Nor can a habeas corpus proceeding be made the substitute for a writ of error or an appeal. These doctrines are familiar law in this state, and need no citations of authority to support them."
*189 The appellee's contention that the judgment in habeas corpus should be unheld because the acts charged were exempted transactions under the statute, is without merit. This is so because even if it be assumed that the criminal court misconstrued the statutory exemptions in denying the motion to quash, that ruling was one which would be reviewable on an appeal from a final judgment of that court. Moreover by express provision in Chapter 517, Fla. Stat., F.S.A. relating to sale of securities, the information charging violations of the act was not required to negative any exemptions or exceptions, and they were made matters for affirmative defense. Section 517.17, Fla. Stat., F.S.A., and see Hammond v. State, Fla.App. 1963, 151 So.2d 872.
Use of a writ of habeas corpus as a substitute for appeal in this instance was improper. The error was compounded because the circuit court had no appellate jurisdiction as to the proceeding in the criminal court. The accused was not without other remedy. As stated above, the denial of his motion to quash could be reviewed on an appeal to the district court taken from an adverse final judgment if entered. What was said by the Supreme Court in Frederick v. Rowe, 105 Fla. 193, 140 So. 915, 916, is appropriate here, viz.:
"Writ of error lying to the Supreme Court from the judgment of the criminal court of record, power to adjudicate the legality of the information, the arraignment, the plea, the trial, verdict, motion for new trial, motion in arrest of judgment, judgment on the verdict, commitment, or any other feature of the trial was vested in the Supreme Court and could under no circumstances be exercised by the circuit court. An attempt to review any step in the cause on the part of the circuit court would amount to the usurpation of jurisdiction lodged exclusively in this court."
For the reasons stated, the judgment in habeas corpus is reversed, and the cause is remanded to the circuit court with directions to remand the petitioner in habeas corpus to custody of the respondent, the sheriff of Metropolitan Dade County.
Reversed and remanded with directions.