GRIMES, Chief Judge.
The appellant was charged with conspiracy to possess more than 100 pounds of marijuana. He filed several motions to dismiss which were denied. He then pled nolo contendere and reserved the right to appeal the denial of his motions.[1]
For purposes of the motions to dismiss, the appellant conspired with others in Florida to obtain a large quantity of marijuana from Colombia which would be brought to the United States. The appellant gave one of his confidantes $150,000 with which to make an initial payment in Colombia. The appellant made an additional payment for the marijuana to an undercover agent in Pinellas County. The marijuana was transported to Michigan where it was seized. The marijuana was never within the State of Florida, nor was there any evidence that the appellant intended to bring any of the marijuana into the State of Florida.
Appellant contends that since he could not be convicted in Florida of the crime of possession of marijuana, he could not be convicted in Florida of conspiracy to possess the marijuana. Appellant’s contention is laid to rest by the provisions of Section 910.005(l)(d), Florida Statutes (1977), which states:
910.005 State criminal jurisdiction.—
(1) A person is subject to prosecution in this state for an offense that he commits, while either within or outside the *438 state, by his own conduct or that of another for which he is legally accountable, if:

(d) The conduct within the state constitutes an attempt or conspiracy to commit in another jurisdiction an offense under the laws of both this state and the other jurisdiction.
The same result has been reached by other states without the benefit of a statute because the gravamen of the offense of conspiracy is deemed to be the combination and agreement. State v. Pooler, 141 Me. 274, 43 A.2d 353 (1945); State v. Davis, 203 N.C. 13, 164 S.E. 737 (1932). See W. LaFave & A. Scott, Criminal Law, Sec. 17, p. 121 (1972).
This is not a case in which one cannot be convicted of conspiracy to commit a substantive offense because the substantive offense is not a crime. See State v. Coleman, 131 Fla. 892, 180 So. 357 (1938). Possession of marijuana is a crime both in Florida and in Michigan.
AFFIRMED.
SCHEB and RYDER, JJ., concur.

. Appellant was also charged with possession of more than 100 pounds of marijuana, but this charge was later dismissed.