HAMP SHARP, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

It is necessary in an indictment against one or more persons for playing at a game at cards for money, to allege the name of the person with whom the bet was made, or to allege that the person with whom the bet was made is to the jurors unknown.

Writ of Error to the Circuit Court for Madison county.

The facts of the case are stated in the opinion of the court.

*B. B. Blackwell* for Plaintiff in Error.

The plaintiff in error was indicted in Madison county and tried at the Spring term, A. D. 1890, of the Circuit court, and convicted of the charge of "gambling,"

and was sentenced by the court to imprisonment in the State prison for one year at hard labor, and for the review of this judgment of the Circuit Court, the plaintiff in error prosecutes a writ of error, and assigns as error the overruling by the court of, the defendants motion in arrest of judgment herein. The motion in arrest of judgment is on the following grounds to-wit:

1st. Because the indictment does not allege with whom the said defendant played at cards.

2nd. Because the indictment does not allege a joint criminality with the other persons joined in the same indictment with the defendant,

3rd. Because the indictment does not set out the offense with which the defendant is charged, but states a conclusion.

The following is the statute upon which the defendant is indicted: "If any person shall procure, suffer or permit any person or persons to play for money or other valuable thing or things at any game whatsoever, whether heretofore prohibited or not, or if any person or persons shall play or engage in any game of cards, keno, roulette, faro, or other game of chance, at any place, by any device whatever for money or other thing of value, he or she, or they, so offending," etc.

The indictment is as follows: "That Raymond Hicks, Will Ponder, Abe Jackson, Annie Mitchell, Clark Hall, Frank Massey, Alford Hooks, Berry Watts, Noah Lang, Alford Williams, Steve Sermans, Hamp

Sharp, Harry Thornhill, Jonas Hanes, and Squire Pope, late of said county, laborers, on the 12th day of April, A. D. 1890, at and in the county, circuit and State aforesaid, with force and arms, in the woods, near the town of Ellaville, said county and State, unlawfully then and there, played and engaged in a game of cards for money, which said game of cards was then and there a game of chance, against the peace and dignity," etc.

My first objection to this indictment, is that it does not state with whom the defendant Hamp Sharp played cards, having coupled his name with other parties in the indictment, it might have been sufficient if the indictment had alleged that they played with each other, but no such allegation appears in the indictment, and in so far as it discloses each party may have played at a different time with some one else not named. See Groner vs. The State, 6th Fla., page 39. In this case referred to the court decides that the name of the person with whom the defendant played must be given or else it must be stated that the name to the jurors is unknown. The statute upon which this decision is based is not identical in language with our present statute, but the reasoning of the court applies with equal force to either statute. See Thompson's Digest, page 501, sec. 14.

*The Attorney-General* for Defendant in Error.

MABRY, J. :

The plaintiff in error and fourteen others were indicted jointly at the Spring term, A. D. 1890, in the Third Judicial Circuit of Florida for Madison county, for unlawfully playing and engaging in a game of cards for money in said county and State. The indictment alleged (omitting the formal parts) that Hamp Sharp, plaintiff in error, and fourteen others, naming them, "on the 12th day of April, A. D. 1890, at and in the county, circuit and State aforesaid, with force and arms, in the woods near the town of Ellaville, said county and State, unlawfully then and there played and engaged in a game of cards for money, which said game of cards was then and there a game of chance against the peace and dignity of the State of Florida, and contrary to the statute in such cases made and provided." The plaintiff in error, was put upon trial under this indictment and convicted. Upon the rendition of the verdict his attorney entered a motion in arrest of judgment for the following reasons : 1. Because the indictment does not allege with whom the said defendant played at cards; 2. Because the indictment does not allege a joint criminality with the other persons joined in the same indictment with defendant; 3. Because the indictment does not set out the offense with which the defendant is charged, but states a conclusion. This motion was overruled and defendant excepted. Thereupon the defendant, by judgment of

the court, was sentenced to the State penitentiary for one year at hard labor, and adjudged to pay his part of the costs of the prosecution.

Defendant below prosecutes a writ of error from the judgment rendered against him to this court, and the assignment of error he makes here is, that the court erred in overruling his motion in arrest of judgment. The only point discussed by counsel for plaintiff in error under the motion in arrest of judgment is, that the indictment is bad because it does not state with whom the defendant, Hamp Sharp, played cards. In the case of Groner vs. State, 6 Fla., 39, where an indictment charged that the defendant unlawfully did play and bet at a certain gaming table, then and there being, at a certain game at cards for the purpose of winning or losing money, against the form of the statute, it was held that the name of the person with whom the bet was made must be stated, or it must be alleged that such person was to the jurors unknown. The statute under which the indictment in the case here referred to was drawn provided that "if any person or persons shall pay and bet at any gaming table, or in any gambling house, booth, tent or shelter, at any game at cards, dice or checks, or with any other instruments, article or articles, thing or things whatsoever, for the purpose of winning or losing, he, she or they so offending may be indicted, and on conviction shall be fined," etc. Thompson's Digest, page 501, sec. 14. That portion of the statute upon which the indictment before us is based reads as follows, viz: "If any per-

son or persons shall play or engage in any game at cards, keno, roulette, faro or other game of chance, at any place, by any device whatever for money or other thing of value, he, she or they, so offending shall on conviction be imprisoned in the county jail not less than three months, nor more than one year, or be imprisoned in the State prison not more than three years, at the discretion of the court. Sec. 1, Chapter 3764 Laws of Florida. Under the former statute the offense consisted in playing and betting at certain places, that is at any gaming table, or in any gambling house, booth, tent or shelter. Unless the betting was done at the places mentioned in the statute no offense was committed. It will be observed that the latter statute makes it an offense to play or engage in the games mentioned for money or other thing of value at any place. Under the rule established in this State by the Groner case, *supra*, it is necessary in framing an indictment for playing at cards for money under the first statute above mentioned to allege the name of the person with whom the bet was made, or to allege that such person is to the jurors unknown. There is nothing in the phraseology of the statute upon which the indictment now before us is based to exempt it from a similar construction. The decisions in the different States are not harmonious in requiring an indictment on a statute similar to ours to allege the name of the person with whom the bet was made, or that such person is unknown to the jurors, but a precedent having been established in this State, we are not disposed to

depart from it. Such a rule was adopted, and has been adhered to, in Texas, although some dissatisfaction has been expressed by the judges as to the rule. State vs. Roderica, 35 Texas, 507; 26 *Ibid*, 204. The indictment here charges that plaintiff in error and fourteen others on the 12th day of April, 1890, in the woods near Ella-ville, in Madison county, Florida, played and engaged in a game of cards for money. It is not stated with whom they played, or that they played together in the woods. Under the rule recognized in the Groner case this is not sufficient.

We think the court erred in overruling the motion in arrest of judgment, and for the error in this respect the judgment is reversed and the case is remanded with directions to enter an order arresting the judgment and for such proceedings as are conformable to law.