REX SWEAT, as Sheriff of Duval County, Florida, v. BLOCKER PETTIS, ex rel.

27 So. (2nd) 827                  June Term, 1946
November 8, 1946                       En Banc

*J. Tom Watson,* Attorney General, *Shannon Linning,* Assistant Attorney General, and *Wayne E. Ripley,* County Solicitor, for appellant.

*Evan T. Evans,* for appellee.

PER CURIAM:

An information in two counts was filed against Blocker Pettis on October 18th, 1945.

The first count alleged that Pettis on October 10, 1945, "not then and there being lawfully licensed and authorized to practice medicine in this State, did then and there practice

medicine in treating one Effie Baker contrary to the form of Section 458.15 Fla. Statutes Annotated."

On arraignment November 26th appellee entered plea of guilty as to the first count and was adjudged guilty as to such count. Sentence was then suspended. Appellee was not further prosecuted on the second count.

On Decmber 13th 1945, the suspension of sentence was revoked and appellee was sentenced to serve one year in State Prison and in default of payment of $1000.00 fine to serve two years additional imprisonment.

Our records show that appeal was taken from the judgment and sentence on December 14, 1945, and that appeal was dismissed on praecipe of the appellant in that case on March 12, 1946.

Petition for writ of habeas corpus on behalf of appellee was filed March 7, 1946, in Duval County Circuit Court and writ issued the same date. The record here shows that at the time the writ issued appellee was not in custody of the sheriff but at large on a supersedeas bond. However, on March 11th he surrendered himself to the sheriff, which was just a few minutes prior to the return time named in the writ. On hearing, he was discharged and thereupon the sheriff perfected his appeal to this Court.

Appellee relies on the case of Whitehurst v. State, 105 Fla. 574, 141 So. 878. It is to be observed that the opinion in that case was filed on May 26th, 1932, which was long prior to the enactment of our Criminal Procedure Act, being Chapter 19554 Acts of 1939.

This count of the information in this case cannot be said to wholly fail to state a violation of the Criminal Laws of Florida because whether it was intended to charge that the accused practiced medicine without a license from the State Board of Medical Examiners as required by Section 458.15 Fla. Statutes, 1941 (same F.S.A.), or that the accused violated the statute against practicing medicine without having obtained an occupational license as required by Section 205.52 Fla. Statutes 1941 (same F.S.A.), the fact remains. that it does charge that the accused was practicing the profession of a physician without having obtained a license authorizing him

to do so and specifically charged that the license which he failed to have was that which was required under Sec. 458.15 Fla. Statutes Annotated.

There can be no doubt that the information here under consideration was vulnerable on motion to quash but no such motion was made and the accused cannot substitute habeas corpus for motion to quash. Taylor v. Chapman, 127 Fla. 401, 173 So. 143; in re Robinson, 73 Fla. 1068, 75 So. 604, L.R.A. 1918B 1148.

Section 142 Criminal Procedure Act, 1939, provides, in part:

"Failure to move to quash—effect of—exceptions. If the defendant does not move to quash the indictment or information before or at the time he pleads thereto he shall be taken to have waived all objections which are grounds for a motion to quash."

The appellant here contends that because the Petitioner was not in custody at the time he presented his application for habeas corpus he was not entitled to be heard. The record shows that he was technically in custody at the time the court below ruled on his application and discharged him, So, whether or not he was in custody at the time of the suing of the writ is a technical question which we are not now called upon to determine, for the reason above stated.

We hold that the court of the information to which the appellee pleaded guilty and under which he was sentenced was sufficient to put him on notice that he was charged with violation of Sec. 458.15 Fla. Statutes 1941 (same F.S.A.) and that, therefore, after pleading guilty, being adjudged guilty and sentenced under that count of the information, he is not entitled to be discharged under habeas corpus.

The judgment appealed from is reversed and the cause remanded with directions that the petitioner in the court below be remanded to custody.

It is so ordered.

TERRELL, BROWN, BUFORD, THOMAS and ADAMS, JJ., concur.

CHAPMAN, C. J., dissents.