80 So.2d 611 (1955)
STATE of Florida ex rel. Thomas J. KELLY, Sheriff Dade County, Florida, Appellant,
v.
Robert F. WHISNANT and Elum Caudell, Appellees.
Supreme Court of Florida. En Banc.
May 27, 1955.
Rehearing Denied June 28, 1955.
Richard W. Ervin, Atty. Gen., George E. Owen and John C. Reed, Asst. Attys. Gen., and Richard E. Gerstein, Asst. County Solicitor, Miami Beach, for appellant.
Fred Pine, Richard G. Taylor, Miami, and J. Ben Watkins of Truett & Watkins, Tallahassee, for appellees.
TERRELL, Justice.
Appellees were informed against for conspiracy to violate Section 550.35, Florida Statutes, F.S.A., condemning the illegal dissemination of racing information. They were tried and convicted by a jury in the Criminal Court of Record, Dade County, and sentenced to serve a term of one year at hard labor in the Dade County jail. November 17, 1954, they petitioned for and were granted writ of habeas corpus by the Circuit Court, who after hearing ordered them discharged from custody. On authority of Section 79.11, Florida Statutes, F.S.A., the State was granted permission to appeal which was prosecuted from the order granting habeas corpus and denying the petition for rehearing.
The point for determination is whether or not the information charged the violation of any law of this State, particularly Section 550.35, Florida Statutes, F.S.A., condemning *612 the dissemination of certain racing information.
The pertinent part of the information is as follows:
"* * * that * * * Robert Whisnant and Elum Caudell, of the County of Dade and State of Florida between the 10th day of April, A.D. 1952, and the 14th day of April in the year of our Lord, one thousand nine hundred and fifty-two, both dates inclusive, in the County and State aforesaid, did unlawfully and wilfully agree, conspire, combine and confederate to commit an offense against the State of Florida, to-wit: To violate Section 550.35, subsection 1, of the Florida Statutes, Annotated, Transmission of Racing Information; that is to say, the results, changing odds, track conditions, jockey changes, or any other information relating to any horse race from any race track in this State between the period of time beginning one hour prior to the first race of any day and ending thirty minutes after the posting of the official results of each race as to that particular race."
Appellant contends that since the trial court denied the motion to quash the information on the same grounds alleged in the petition for granting habeas corpus, proceeded with the trial and defendants were convicted by a jury, were so adjudged by the court and sentenced to a term in jail, it was error to permit a collateral attack on the information by habeas corpus. The gist of this contention is that defendants should have been left to their remedy by appeal. Crosby v. Chapman, 114 Fla. 19, 153 So. 149; Akin v. State, 86 Fla. 564, 98 So. 609, and Irvin v. State, 52 Fla. 51, 41 So. 785, are relied on to support this contention.
In granting the habeas corpus and discharging petitioners, the trial court held that the information wholly failed to state any offense against the laws of the state and being so it was wholly void. This court is committed to that doctrine. State ex rel. Williams v. Coleman, 131 Fla. 892, 180 So. 357; Croft v. State, 106 Fla. 519, 143 So. 599; State ex rel. Tatham v. Coleman, 122 Fla. 819, 166 So. 221; State v. Alred, Fla., 68 So.2d 894; Section 11, Declaration of Rights, F.S.A. Constitution of Florida, and Amendment VI, Federal Constitution.
Appellant recognizes the rule enunciated in the last cited cases but says that if it is not mere dicta it is not supported by the weight of authority. At first blush there is basis for the contention that there is conflict in the cases cited and relied on by the parties hereto, but it is entirely possible that the conflict inheres in the background of the cases rather than in the decisions growing from them. Some of them failed to allege requirement of the statute under which the information was drawn, that they failed in other respects to meet plain statutory or other legal prerequisites to an information or that the information omitted was a matter of common knowledge or that it was so technical as to be unnecessary to allege.
In the case at bar failure of allegations did not concern technical or matters of common knowledge. The trial judge considered them such as made it impossible for defendants to prepare their defense. The place of the crime attempted to be alleged, that is to say the conspiracy, what the conspiracy consisted in, what race track was in the mind of the conspirators, what race or races were involved, what day or days were said races to be run. Certainly enough of these facts should have been set out in the information to charge the conspiracy. The essential allegations of fact or circumstances as contemplated by the Declaration of Rights is lacking.
The direct question presented is was conspiracy shown to violate the law condemning the dissemination of racing information, sometimes called anti-lottery laws. Conspiracy is defined by Section 833.01, Florida Statutes, F.S.A., and Section 550.35, Florida Statutes, F.S.A., condemns the transmission of racing information. They are in derogation of the common law and must be strictly construed. The state admits that the information is not artfully drawn but the statute alleged to be violated *613 is in the alternative and the information does not point out the violated provision, which race track was proposed to be invaded, which days or races were concerned, nor were any other factual details recited in the information. It may be that it was not necessary to recite all the facts stated in this opinion but certainly there should have been enough of them recited to have enabled defendants to offer an intelligent defense. It may be that cases will arise in which an information charging conspiracy does not have to be stated by the same rule of nicety or exactitude as that charging the substantive offense but since here the court held that the information was totally void, the state is not precluded from filing a new information.
The primary difference of counsel in this case is not in the applicable principles of law, but in the application of correct principles to the facts of this case. Section 11, Declaration of Rights, and Amendment VI, Federal Constitution, require that one charged with a crime against the law be confronted with or informed of the nature and cause of the accusation against him. An information which fails to contain specifications sufficient to do this is fatally defective. In this case we are driven to the conclusion that the information failed in the allegation of sufficient facts so the decree appealed from must be affirmed.
Affirmed.
DREW, C.J., SEBRING, J., and FLOYD and JONES, Associate Justices, concur.