84 So.2d 329 (1955)
Charles DROZEWSKI, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division A.
December 20, 1955.
Rehearing Denied January 23, 1956.
*330 Martin P. Shachat, Miami, and George L. Jackman, Miami Beach, for appellant.
Richard W. Ervin, Atty. Gen., and Moie J.L. Tendrich, Asst. Atty. Gen., for appellee.
DICKINSON, Associate Justice.
This is an appeal from a conviction of defendant for manslaughter on a charge and trial for murder in the first degree.
The facts are very sordid. They resulted from a drinking spree which ended in the death of one of the parties thereto by drowning. The record is very lengthy and the case patiently tried in the Court below.
Four main assignments of error are urged, 1) insufficiency of the indictment, 2) that the Court improperly allowed introduction of certain evidence or witnesses after ordering its availability to defendant, 3) that the conviction was contrary to law and evidence, and 4) that the sentence was excessive. These will be answered in the order named.
The information charges that defendant did unlawfully and from a premeditated design to effect the death of one Barney Ras, kill and murder him, etc., by "drowning him" etc., and in a second count that the defendant did unlawfully and from a premeditated design kill and murder the said Barney Ras by "striking him with his hands, kicking him with his feet, and drowning him" etc. It is difficult to see how the information could have been more explicit or detailed. The objection seems to be that drowning is a natural act and not one as a basis for homicide. The word "drown" as used in this instance is a verb meaning to cause water to be taken into the lungs, thus causing death. In other instances "drown" may be an adjective or a noun, but as a verb it can only mean one thing. It is descriptive of the method of effectuating the death. It is not necessary to say that defendant pushed decedent under the water and held him there until all his lungs were filled with water and he died. The defendant was advised of the offense for which he was charged and the only purpose of an indictment is to fairly apprise the defendant of the charge. Any further particulars should have been elicited by way of motion for more definite statement and the like, not motion to quash.
The second question is answered by the case of Perez v. State, Fla., 81 So.2d 201. Prior to trial the defendant requested a list of all witnesses and statements, which request the Court granted. Thereafter defendant did not request the information from the States Attorney nor follow up this order. Certainly the States Attorney is not required to deliver them to defendant counsel when he did not follow up the advantage given him of this order. It is as much his duty to be diligent as it is of the States Attorney to comply. No request nor refusal is shown in the record, hence no error occurred in proceeding to trial, especially the one whose testimony the introduction of which was complained of was one of the drinking companions of both defendant and deceased at the time of the offense who had left the state after the death and who was known to defendant and his counsel a few days before the trial.
As to the third question, suffice it to say that the evidence is sufficient for a jury to have concluded that the defendant was *331 guilty of manslaughter if not of a higher degree of homicide.
As to the fourth question, a sentence of ten years for manslaughter when the maximum statutory penalty therefor is twenty years cannot be said to be excessive, especially in view of the evidence in this case including the previous record of the defendant as to prior various fracases with the law.
Accordingly, the judgment of the lower court is hereby affirmed.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.