## CITY OF MIAMI v. NEAL.

### No. 4743.

Circuit Court, Dade County, Criminal Appeal.

April 13, 1959.

Thomas Belikes, Miami, for appellant.

James J. McVeigh, Assistant City Attorney, Miami, for appellee.

RAY PEARSON, Circuit Judge.

The appellant was convicted in the municipal court of Miami on October 28, 1958 of being a disorderly person in a public place. The complete charge is quoted below—

"One Roy Neal, on the 25th day of October, A. D. 1958, at and in the City of Miami, Dade County, Florida, was then and there a disorderly person in a public place, to-wit: a public rest room at Bayfront Park; against the peace and dignity of the City of Miami, Florida and in violation of Section 7, Chapter 35, of the Code."

The appellant was apparently convicted under that portion of the city ordinance which provides that whosoever shall engage in any indecent or obscene conduct in any public place shall be deemed a disorderly person. This charge does not constitute any offense whereby the accused is put on notice and advised as to the act or acts to which he must present his defense.

It is elementary that where a criminal act is charged under an ordinance such as this or the state's general vagrancy charge the same must be so couched that the accused is advised precisely and definitely of the act or acts which the prosecution intends to prove. See State v. Whisnant (Fla.), 80 So. 2d 611 (wherein the undersigned judge was reversed) ; State v. Mayo (Fla.), 19 So. 2d 883; and Kittleson v. State (Fla.), 99 So. 2d 807.

The evidence adduced by the city falls short of making a prima facie case on the distasteful and obnoxious charge against this appellant.

The court will not review the evidence, but it suffices to say that the evidence was equally consistent with the hypothesis that the defendant on trial did not intend nor did he commit any indecent or obscene act.

It is ordered and adjudged that the conviction and sentence be reversed, with directions that a judgment of acquittal as a matter of law be entered, and that the appellant be awarded his costs incurred in the trial court and this appeal.