ALLEN, Chief Judge.
The appellant, defendant below, appeals from a judgment and sentence entered pursuant to a jury verdict finding appellant guilty of the crime of aggravated assault.
The information filed against appellant was entitled “Information for Aggravated Assault.” It asserted that appellant had committed an assault with a deadly weapon upon one Dorthy Mae Crossley, but “not having then and there a premeditated design to effect the death of the said Dorothy Mae Crossley, * * *."
Appellant has raised the question in his brief as to whether or not the information charged a crime or offense under the laws of the State of Florida.
In response to the question raised by appellant, we deem it necessary to set forth the precise words of the information, to-wit:
“IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA, GORDON MacCALLA, County Solicitor for the County of Polk, prosecuting for the State of Florida in *641 said County, under oath, information makes that J. T. Crossley, of the County of Polk, and State of Florida, on the 5th day of February, in the year of our Lord, one thousand nine hundred and sixty-six, in the County and State aforesaid, on and upon one Dorthy Mae Cross-ley an assault did make with a deadly weapon, to-wit, a knife, a further description of which is to the Solicitor unknown, not having then and there a premeditated design to effect the death of the said Dorthy Mae Crossley, and in furtherance of said assault he, the said J. T. Crossley, with the said knife then and there had and held in his hand, did strike, beat, cut, bruise, wound and ill-treat the said Dorthy Mae Crossley, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida.”
After appellant’s conviction for aggravated assault, he moved that judgment be arrested upon the ground that the information did not charge an offense. This was raised for the first time when, appellant made his motion for new trial on September 23, 1966. The record reveals that the information was filed on March 21, 1966, and that appellant entered a plea of not guilty at arraignment on September 13, 1966. Trial was also held on September 13, 1966.
Section 909.06, Fla.Stats. (1965), F.S.A., provides, in part:
“The failure to move to quash the * * * information before or at the time the defendant pleads thereto waives all objections which are grounds for a motion to quash.”
In the case of Hall v. State, Fla.App.1965, 179 So.2d 372, the defendants did not make any attack on the information until after the trial and verdict of the jury was returned. They raised a defect in the information for the first time in their motion for new trial. This court, citing Section 909.06, Fla.Stats., F.S.A., held that the failure of the defendants to timely object to the defect in the information was a waiver of that defect and affirmed the trial court. See also Fuller v. State, 159 Fla. 200, 31 So.2d 259, and Sinclair v. State, Fla.1950, 46 So.2d 453.
Although the appellant alleges that the information quoted above does not charge him with the offense for which he was convicted, it is apparent that he was not prejudiced thereby. However, assuming arguendo that a defect did appear, this defect was waived by the failure of appellant to attack the information by motion to quash before pleading thereto and going to trial on the charge of aggravated assault.
The judgment and sentence of the lower court is, therefore, affirmed.
Affirmed.
SHANNON and LILES, JJ., concur.