PER CURIAM.
The State of Florida appeals from an order quashing an indictment filed against ap-pellees charging them with assault with intent to commit rape.
The quashed indictment charged that ap-pellees
“in and upon one MARY JEAN MITCHELL, a female person over the age of ten years, an assault did make, and her, the said MARY JEAN MITCHELL, did then and there forcibly and against her will attempt to ravish and carnally know, in that the said ROBERT COSSACK did then and there remove the slacks and underwear from the said MARY JEAN MITCHELL and the said DAVID A. HUTCHINS did hold her head and prevent her from screaming while the said ROBERT COSSACK did expose his sexual organ and lay on top of the said MARY JEAN MITCHELL and the said ROBERT COSSACK did attempt to effect sexual intercourse until he concluded he was physically unable to consummate the act of sexual intercourse * *
The court below quashed the indictment on the ground that
“the specific overt acts alleged in the indictment beginning with the phrase, ‘In that the said ROBERT COSSACK did’, in the body of the indictment, qualify in specific terms the general" conclusions of the substantive offense theretofore alleged; and said specific overt acts are hereby held to be insufficiently alleged to support the general conclusions that the offense was committed forceably and against the will of the alleged victim.”
The only purpose of an indictment is fairly to apprise the defendant of the offense with which he is charged. Drozewski v. State, Fla.1955, 84 So.2d 329, 330. No indictment should be quashed “unless the court shall be of the opinion that the indictment * * * is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.” Fla.Stat., Sec. 906.25 (1965), F.S.A. The indictment quoted above clearly advised appellees of the crime with which they were charged and was not so vague as to mislead them and embarrass them in the preparation of their defense or to expose them to possible double jeopardy.
Consequently, the order quashing the indictment is reversed and the cause remanded for further proceedings.
Reversed and remanded.
ALLEN, Acting C. J., and SHANNON and PIERCE, JJ., concur.