## STATE, ex rel. LaFRATTA v. STACK.

Nos. 69-2024 and 69-2058.

Circuit Court, Broward County.

April 10, 1969.

Edward M. Kay and Varon & Stahl, all of Hollywood, for the petitioners.

Edward G. Stephany and Eugene F. Malin, Assistant State Attorneys, for the respondent.

STEPHEN R. BOOHER, Circuit Judge.

These cases came on for consideration as follows — in case no. 69-2024, on the amended petition for writ of habeas corpus, order for writ of habeas corpus, writ of habeas corpus issued thereon April 1, 1969, and respondent's return to writ of habeas corpus; and in case no. 69-2058, on the petition for writ of habeas corpus, writ of habeas corpus issued thereon April 1, 1969, and respondent's return to writ of habeas corpus. By order entered April 1, 1969, the cases were consolidated for hearing purposes, since both challenge the detention of the petitioners resulting from their conviction on an information which they allege to be void. Both petitioners were present with their attorneys, Steadman S. Stahl, Jr., Esq., and Edward M. Kay, Esq.; and the respondent was represented by Edward G. Stephany, Esq., and Eugene F. Malin, Esq., Assistant State Attorneys; also present were James W. Geiger, Esq., County Solicitor, and James T. Moore, Esq., Assistant County Solicitor. The court, having thoroughly considered the pleadings, the testi-

mony and evidence presented, and the arguments and voluminous authorities of counsel, and being otherwise duly advised in the premises, finds as follows —

1. On August 1, 1968, the Honorable Angeline G. Weir, then the county solicitor for the court of record of Broward County, filed an "Information for Selling Motor Vehicle with Removed Manufacturer's Serial Number," which, omitting the caption and formal parts, charged that —

> "Pat LaFratta and Tom Fury on the 25th day of June, A.D. 1968, in the County and State aforesaid, did then and there unlawfully and knowingly sell a motor vehicle, to-wit: a 1966 Ford Mustang on which the manufacturer's serial number has been destroyed, removed, covered, altered or defaced, contrary to F.S. 319.33."

In due course a capias was issued on such information for each of the petitioners, they were arrested and posted bond, and both came on for arraignment on August 26, 1968. Each of the petitioners entered a plea of not guilty and, on motion and order, each was given twenty days to file defensive motions. Neither petitioner attacked the sufficiency of the information within the twenty-day period and it is worthy of note that the petitioners were represented at arraignment and thereafter through trial and conviction by the same firm of attorneys who represent them in these proceedings. Subsequent pertinent pleadings were filed as follows —

*November 21, 1968,* trial was set for March 27, 1969.

*December 6, 1968,* defendants' motion for immediate trial was filed, in accordance with §915.01, Florida Statutes.

*December 18, 1968,* defendants' motion for bill of particulars was filed, inquiring to whom the motor vehicle was sold; whether the serial number was destroyed, removed, covered, altered or defaced; if destroyed, the original number; and, if altered, to what number altered. This motion was never called up for hearing by the defendants, with the result that the particulars were never furnished by the state prior to trial.

*January 6, 1968,* defendants' motion for immediate trial was filed, being the second demand prior to the January, 1969, term of court, in accordance with §915.01, Florida Statutes.

*March 27, 1969* (the date of trial), defendants' motion to set aside plea of not guilty and to file and argue motion to dismiss was filed, and, accompanying it, defendants' motion to dismiss, which alleged the charge was so vague, indefinite and uncertain as to

hinder and embarrass the defendants in preparing a defense "and, in fact, so vague, indefinite and uncertain as to be void;" that in the event of conviction or acquittal, jeopardy would fail to attach; and that the information failed to set forth a crime recognized as such under the laws of the state of Florida. These are the same contentions raised in these proceedings. The trial court denied the motion to set aside plea on the ground that it was not timely filed, and the state asserts that this was not error, pursuant to §909.01 and §909.06, Florida Statutes, and Kaminski v. State, Fla. 1954, 72 So.2d 400. In the cited case the defendant attacked the propriety of the information because it had not been sworn to by the county solicitor prior to being filed — clearly a technical and not a jurisdictional defect. In the instant case, by denying the motion to set aside plea, the trial court never reached the motion to dismiss which clearly set forth a direct attack upon the jurisdiction of the trial court. It is fundamental that lack of jurisdiction of the subject matter can be raised initially at any stage of the proceedings, even on appeal. The trial court was put on notice that its jurisdiction was being challenged; the motion to set aside plea alleged as grounds that "the charges as contained in the information are void and not sufficient to vest this court with jurisdiction . . ."

On March 29, 1969, after three days of trial, the jury returned guilty verdicts against both petitioners, and the trial court forthwith entered judgment and sentenced each of the petitioners to the maximum sentence of five years in the state prison and a fine of $5,000.

2. The petitioners assert that their conviction in the trial court may be attacked here by habeas corpus proceedings if the information on which they were brought to trial fails to charge an offense, contains fundamental error on its face, and is void. State ex rel. Swanboro v. Mayo, 1944, 155 Fla. 330, 19 So.2d 883; State ex rel. Kelly v. Whisnant, Fla. 1955, 80 So.2d 611; Dallas v. Wainwright, Fla. 1965, 175 So.2d 785; Kittleson v. State, 1942, 152 Fla. 242, 9 So.2d 807.

The state argues that where the sufficiency of an information is challenged by motion and no appeal is taken from a judgment of conviction, habeas corpus cannot be used as a substitute for an orderly appeal. Albritton v. Hoyt, 1943, 152 Fla. 332, 11 So.2d 474. In the instant case, the petitioners, albeit late in the proceedings, attempted to attack the sufficiency of the information, but they were not given the opportunity to do so and there is no ruling of the trial court in this regard which can be considered on appeal. Further, the decision in *Albritton* was based upon the authority of Jones v. Cook, 1941, 146 Fla. 253, 200 So. 856, where the Supreme

Court held that the question of whether or not habeas corpus may be successfully used to attack an insufficient information or indictment depends upon "the degree of infirmity" of the information or indictment. This is the precise question facing this court. If the information is insufficient merely because its allegations are defectively or inartfully worded or stated, habeas corpus should not be granted; if the information is so wholly insufficient as to be void, the writ should issue.

The state also argues that if the information here in question is vague, it could have been corrected by a bill of particulars. State v. Bruno, Fla. 1958, 107 So.2d 9. But, as noted in the cited case, that rule only applies where the information is not so vague as to embarrass the defendant in the preparation of his defense or to subject him to the possibility of a new prosecution on the same offense. That is the question here presented. It is the settled rule that a bill of particulars cannot save an otherwise invalid indictment or information. See: Russell v. United States, 1962, 369 U.S.749, 8 L.Ed.2d 240, 82 S.Ct. 1038, 1050; Kittleson v. State, 1942, 152 Fla. 242, 9 So.2d 807.

The state next argues that even if the information is defective, the petitioners have waived their right to object by failing to file their motion to quash before pleading thereto or within the twenty-day period allowed by the trial court, and that an accused cannot substitute habeas corpus for a motion to quash. §909.06, Florida Statutes; Crossley v. State, Fla.App. 1967, 200 So.2d 640; Sweat v. Pettis, 1946, 158 Fla. 104, 27 So.2d 827. In this regard the state notes that the petitioners accepted the information as sufficient on at least four occasions — first, when they entered their pleas of not guilty and failed to file their motion to quash within the time provided; twice more when they filed motions for immediate trial; and finally when they filed their motion for bill of particulars. The problem with this argument is that if the information is void, the trial thereon is also void, and if the petitioners are not charged with an offense they must be discharged, as this goes to the jurisdiction of the court. State ex rel. Kelly v. Whisnant, Fla. 1955, 80 So.2d 611; Hepburn v. Chapman, 1933, 109 Fla.133, 149 So.196. Jurisdiction of the court, as above noted, cannot be waived and can be raised at any time. Nor is there anything to the contrary in the cited cases. In Sweat v. Pettis, supra, the court concluded that it could not be said that the information wholly failed to state a violation of the criminal laws of Florida. In Crossley v. State, supra, the alleged defect in the information was not specifically identified, but the court concluded the defendant was not prejudiced as a result. The defect, therefore, could not have been jurisdictional.

Finally, the state argues that all of the above cases predate the adoption of the Florida Rules of Criminal Procedure and that CrPR 1.850 (formerly Criminal Rule No. 1) provides that an application for a writ of habeas corpus shall not be entertained where the applicant has failed to apply for relief, by motion, to the court which sentenced him. On its face, it appears that the petitioners did apply for relief and were denied. Such application, however, was made prior to conviction and the Authors' Comment to Rule 1.850, 33 F.S.A., pp. 453-54, indicates that it was intended that such application be by way of post-conviction motion to the trial court to vacate, set aside or correct sentence. It is conceded that no such application has been made to the trial court in this case. The rule, however, obviates the necessity of such a post-conviction application where it appears that the remedy by motion is inadequate or ineffective to test the legality of the detention. This clearly appears to be the case here. In addition, the Supreme Court has approved the use of habeas corpus, without relegating a petitioner to his Rule 1.850 remedy, where "fundamental error" appears on the face of the record "which renders it void": Dallas v. Wainwright, Fla. 1965, 175 So.2d 785. Again, this is the question presented.

This court concludes, therefore, that it has jurisdiction to consider whether the information in question is fatally defective and void.

3. The petitioners assert that the information is fatally defective in the following particulars —

(a)  First, they argue that the information fails to identify the 1966 Ford Mustang the petitioners are charged with selling. The petitioners assert that this is a fatal defect, and cite in support of such contention State v. Kuhnley, 1952, 74 Ariz.10, 242 P.2d 843, and Sullivan v. State, 1902, 44 Fla. 155, 32 So. 106. In the *Kuhnley* case, the defendant attacked the sufficiency of an information which charged him with receiving stolen goods, but which failed to identify, except generally, the property in question. No motion to quash the information had been filed and no bill of particulars was requested. Applying the Arizona Rules of Criminal Procedure, which contain provisions similar to former §909.06, Florida Statutes, and present CrPR 1.190(c), 33 F.S.A., the Supreme Court of Arizona concluded that the defendant had waived all objections except fatal defects and that he was limited to asserting that the information was fatally defective in that it did not charge the commission of an offense. After examining the authorities, the court concluded, 242 P. 2d at p. 847 —

"In the instant case, the property was capable of a complete, exact and definite description. This is not an instance where the goods are homogenous. The county attorney with a minimum of effort could have ascertained these identification marks and described the property so that there would be no doubt as to which property the defendant was charged with receiving, as the evidence shows that all the articles have serial numbers and bear well known trade names. We hold that the description was not sufficient to permit the defendant to plead former jeopardy as he could have been subsequently tried for receiving these same goods. For this reason we hold the information was fatally defective."

This reasoning applies with equal force in the instant case. The state's only response is that the identity of the automobile could have been ascertained by the motion for bill of particulars which was filed but never called up for hearing.

(b)   Secondly, the petitioners assert that the information fails to identify the person to whom the petitioners allegedly sold the 1966 Ford Mustang. In support of their contention that this is a fatal defect, they rely on Goodson v. State, 1892, 29 Fla. 511, 10 So. 738, where our Supreme Court held that an indictment charging uttering a forged instrument was fatally defective for failing to name the person to or upon whom the same was uttered or that such person was to the grand jurors unknown. The court reasoned that the name of the person was necessary in order that the defendant might accurately know who his accusers were and so that he could accurately plead jeopardy. See, also, Sharp v. State, 1891, 28 Fla. 357, 9 So. 651. Here, again, the response of the state is that this information could have been ascertained by bill of particulars.

This court is not satisfied that the cases on which the petitioners rely accurately reflect the present law, particularly in view of the adoption of the new Florida Rules of Criminal Procedure, and it is doubtful that these two defects *in an ordinary case* would constitute "objections based upon fundamental grounds," as required by Rule 1.190(c). Under the facts of this particular case, however, it is clear that the contentions of the petitioners are neither idle nor abstract and that they raise serious, if not fundamental, grounds.

The problem with respect to the identification of the automobile in quesion is that *two* 1966 Ford Mustangs were mentioned at the trial, and the file reflects that subpoenas duces tecum were issued for records pertaining to a 1966 Ford Mustang ID# 6F08C264054 and a 1966 Ford Mustang ID# 6T09C218474. To aggravate the situation the petitioners assert that Assistant County Solicitor

Moore, on voir dire of the jury panel, stated that all he had to prove was that the petitioners sold "a 1966 Ford Mustang." Prosecutor Moore was present at the time this assertion was made and he did not deny it.

There is a further problem with respect to the identification of the person to whom the automobile was sold. It appears that one of the cars, and it is not clear which one, was sold on the date alleged, June 25, 1968, at the Greater Florida Auto Auction to United Motor Sales. It is not clear whether the defendants are charged with selling a 1966 Ford Mustang *to* Greater Florida Auto Auction or *through* Greater Florida Auto Auction *to* United Motor Sales.

In this sort of factual situation, it is not sufficient to charge the offense in the same generic terms as the statute; the information must state the specifics — it must descend to particulars. Russell v. United States, 369 U.S. 749, 8 L.Ed.2d 240, 82 S. Ct. 1038, 1047; Rosin v. Anderson, 1945, 155 Fla. 673, 21 So.2d 143. This court is of the opinion that the essential allegations of fact or circumstances as contemplated by the Declaration of Rights are lacking in the information and that the failure to allege them makes it impossible for the petitioners to prepare their defense in this case. Compare: State ex rel. Kelly v. Whisnant, Fla. 1955, 80 So.2d 611. When the charge is so worded that the accused is not advised definitely and precisely of the act the prosecution intends to prove, the information charges no offense and habeas corpus should be granted. State ex rel. Swanboro v. Mayo, 1944, 155 Fla. 330, 19 So.2d 883. Here the confusion as to what automobile was sold and to whom indicates that the language of the information is so vague and indefinite as to mislead the petitioners and embarrass them in the preparation of their defense; further, it clearly exposes them after conviction or acquittal to substantial danger of a new prosecution for the same offense. Cf. Diehl v. State, 1935, 117 Fla. 816, 158 So. 504.

(c) Finally the petitioners argue that the information as worded does not charge an offense in violation of §319.33, Florida Statutes. The argument here is subtle but significant. The statute provides, inter alia —

> "whoever sells . . . in this state a motor vehicle on which the . . . manufacturer's serial number has been destroyed, removed, covered, altered or defaced with knowledge of such destruction, removal, covering, alteration or deface-ment of said . . . manufacturer's serial number . . . shall upon conviction thereof be punished by imprisonment in the state penitentiary not exceeding five years, or by **fine**

not exceeding five thousand dollars or both, in the discretion of the court."

The offense, therefore, is not a knowing sale, as charged in the information, but a sale knowing the manufacturer's serial number has been destroyed, removed, etc. Anyone could knowingly sell an automobile without knowing that the manufacturer's serial had been destroyed, removed, etc., and not be in violation of the law; and this is all the petitioners are charged with by the information.

To this argument the state replies that the only purpose of an indictment or information is fairly to apprise the defendant of the offense with which he is charged, State v. Cossack, Fla. App. 1967, 205 So.2d 344; that the citation of the statute allegedly violated contributes to "definitizing" the charge and puts the accused on notice that he is charged with violation of the section referred to, CrPR 1.140(d)(1), Committee Note, 33 F.S.A., Rule 1.140, p. 67; Sweat v. Pettis, Fla. 1946, 27 So.2d 827; and that where an information is insufficient only in the failure to allege scienter, the failure to allege that one ingredient of the offense does not render the charge void as wholly failing to charge a crime, and the failure to raise the defect by motion to quash constitutes a waiver of such insufficiency. Tracey v. State, Fla. 1961, 130 So.2d 605. Compare: Johnson v. State ex rel. Fox, 1930, 99 Fla. 711, 127 So. 317.

If this were the only defect in the information, this court would be inclined to agree with the state's argument, even despite the fact that the defendant in the *Tracey* case did not contend that he lacked guilty knowledge, while the state agrees that the issue of the petitioners' guilty knowledge was vigorously contested at every stage of the instant proceeding. In addition, there is the further distinction that the defendant in the *Tracey* case did not contend that the information charged no offense but only that an essential element was omitted. Here the petitioners affirmatively assert that no offense is charged. In any event, this is not a case where there is a failure to allege in the information only "some one ingredient" of the offense; there are three substantial deficiences. In addition, there was not a failure here to allege scienter. The failure is that the scienter alleged was mistakenly attached to the lawful act of selling a motor vehicle. This is not the scienter proscribed by the statute and the defect, therefore, is one of law and not one of grammar.

This court is aware that it is the declared policy of the legislature and the courts to uphold indictments and informations whenever there has been substantial compliance therein with statutory requirements. Diehl v. State, 1935, 117 Fla. 816, 158 So. 504, 505.

The power to discharge from custody by writ of habeas corpus is one that should be exercised with extreme caution and only in clear cases, and it should never be exercised so as to needlessly embarrass the administration of justice. State ex rel. Miller v. Coleman, 1938, 130 Fla. 537, 178 So. 157, 160. It would appear that this is a clear case where the writ should issue and that the administration of justice will be embarrassed and the fundamental rights of the petitioners prejudiced if it is denied.

It may be well to note that any one of the three defects in the information, standing alone, would probably not be enough to justify the granting of the writs prayed for, at least in a usual case. But when the cumulative effect of all the defects in the instant case is considered, especially in the light of the confusing factual situation, it must be concluded that only a simulacrum of a charge remains, and at that point the mandate of procedural and substantive due process intervenes. This court concludes, therefore, that the information on which the petitioners were tried, convicted and sentenced is so totally insufficient that it wholly fails to charge an offense and that it is so devoid of essential facts as to be wholly void in law.

4. Because of the result here reached, a word of caution is in order. Circuit courts should and will entertain habeas corpus jurisdiction in post-conviction proceedings only in limited and special cases. Habeas corpus should not be used in the usual case, and indeed cannot be used, as a substitute for an orderly appeal or in place of Rule 1.850 proceedings. It would seem a proper remedy in this court only when there are fundamental defects that go to the jurisdiction of the trial court, and even then only when an accused has attempted to present the question to the trial court for ruling and has been deprived of the opportunity to do so. In cases where no attempt is made to present the matter to the trial court prior to the commencement of the trial or where the attempt, if made, is denied by the trial court after full consideration, the proper remedy would be to preserve the point and argue the question either by post-trial motion to the trial court or on an appeal.

Accordingly, it is ordered and adjudged as follows —

1. The amended petition of Pat LaFratta for writ of habeas corpus in case no. 69-2024 in this court be and the same is hereby granted, and the said petitioner is discharged from custody under the information, capias, verdict, judgment and sentence in case no. 68-13975 in the court of record in and for Broward County. The said proceedings in the court of record be and they are hereby adjudged totally void, and the state is not precluded from filing a

new information. State ex rel. Kelly v. Whisnant, Fla. 1955, 80 So.2d 611, 613. It appearing that probable cause may exist to believe that the said petitioner has violated §319.33, Florida Statutes, the said petitioner is remanded and committed to the custody of the respondent, Edward Stack, sheriff of Broward County, for further proceedings according to law, to be instituted against the said petitioner within five days from the date hereof, in default of which the said petitioner is ordered absolutely discharged from custody on said charge. Llerandi v. Blackburn, Fla. 1957, 97 So.2d 247; State ex rel. Frazier v. Coleman, 1945, 156 Fla. 413, 23 So.2d 477; Jones v. Cook, 1941, 146 Fla. 253, 200 So. 856.

2. The petition for writ of habeas corpus of Tom Fury in case no. 69-2058 in this court be and the same is hereby granted, and the said petitioner is discharged from custody under the information, capias, verdict, judgment and sentence in case no. 68-13975 in the court of record in and for Broward County. The said proceedings in the court of record be and they are hereby adjudged totally void, and the state is not precluded from filing a new information. State ex rel. Kelly v. Whisnant, supra. It appearing that probable cause may exist to believe that the said petitioner has violated §319.33, Florida Statutes, the said petitioner is remanded and committed to the custody of the respondent, Edward Stack, sheriff of Broward County, for further proceedings according to law, to be instituted against the said petitioner within five days from the date hereof, in default of which the said petitioner is ordered absolutely discharged from custody on said charge. Llerandi v. Blackburn, supra, and cases cited.