ADAMS, ALTO (Ret.), Associate Judge.
We have here an appeal by the State of Florida from a final judgment in habeas corpus discharging petitioners.
Petitioners were informed against in the Court of Record of Broward County upon an information reading:
“ANGELINE G. WEIR, County Solicitor for the Court of Record of Brow-ard County, State of Florida, charges that PAT LaFRATTA and TOM FURY on the 25th day of June, A.D. 1968, in the County and State aforesaid, did then and there unlawfully and knowingly sell a motor vehicle, to-wit: a 1966 Ford Mustang on which the manufacturer’s serial number has been destroyed, removed, covered, altered or defaced, contrary to F.S. 319.33.”
To this information petitioners plead not guilty. Prior to trial however a motion was made to withdraw the pleas of not guilty and allow a motion to dismiss for the reason that the information was void and not sufficient to vest the court with jurisdiction. This motion was denied.
A trial was had before a jury and a verdict of guilty as charged was returned. On the 29th of March 1969 sentence of five years in the state prison and $5,000.00 fine was pronounced. To this sentence no attack was made in the trial court by way of motion for new trial, appeal or otherwise.
On April 1, 1969, petitions of habeas corpus were filed in the Circuit Court of Broward County, upon the concept that the informations were void, and hence the petitioners were entitled to be discharged.
The circuit judge agreed, discharged petitioners and the state has appealed.
We quoted the information above. The statute, F.S. Section 319.33, F.S.A. reads:
“319.33 Alteration or forgery; procuring or passing certificate covering *16 stolen vehicle; serial numbers; false or fictitious name or address. — Whoever alters or forges any certificate of title to a motor vehicle, or any assignment thereof or a-n-y — cancellation of any liens on a motor vehicle; or whoever holds or uses such certificate or assignment or cancellation knowing the same to have been altered or forged; or whoever procures or attempts to procure a certificate of title to a motor vehicle, or passes or attempts to pass a certificate of title or any assignment thereof to a motor vehicle, knowing or having reason to believe that such motor vehicle has been stolen; or whoever sells or offers for sale in this state a motor vehicle on which the motor number or manufacturer’s serial number has been destroyed, removed, covered, altered or defaced with knowledge of such destruction, removal, covering, alteration or defacement of said motor number or manufacturer’s serial number; or whoever uses a false or fictitious name or gives a false or fictitious address or makes any false statement in any application or affidavit required under the provisions of this law, or in a bill of sale or sworn statement of ownership or otherwise commits a fraud in any application shall upon conviction thereof be punished by imprisonment in the state penitentiary not exceeding five years, or by fine not exceeding five thousand dollars or both, in the discretion of the court. This section shall not be exclusive of any other penalties prescribed by any existing or future laws for the larceny or unauthorized taking of motor vehicles, but shall be deemed supplementary thereto.”
The obvious and controlling question here is whether this sentence imposed by the court of record may be attacked by habeas corpus?
The rule of law has been settled from time immemorial that habeas corpus will not be substituted for appeal. This is so even though the information may be vulnerable to a motion to quash. See Sweat v. Pettis, 1946, 158 Fla. 104, 27 So.2d 827, and cases there cited.
The accused were confronted by the section of the statute recited in the information when they plead not guilty. They had ample opportunity to attack it for defects. Errors and irregularities must-be settled by the trial court (the court of record) and any further attack is available on appeal. When petitioners abandoned the review afforded and resorted to the writ of habeas corpus they took a rather great burden. In assessing its application we look to the jurisdiction of the trial court and find in the affirmative. Then to the sentence and find it within the limits of the statute.
And last the substance of the information. In this respect it sought to charge a statutory crime (and in the judgment of the trial court it was sufficient) making a reference to the statute. No matter if the information was defective habeas corpus as here employed will not effect a discharge if the charge might have been amended or refiled. This distinction is to be found in erroneous proceedings as against proceeding without authority of law. See Craton v. Sinclair, 1943, 152 Fla. 292, 11 So.2d 475.
We have considered as counsel requested the case of Dallas v. Wainwright, Fla. 1965, 175 So.2d 785. It is irrelevant here because the sentence passed was not within the limit authorized by law.
We conclude by a quote from an opinion of the Supreme Court of Florida in Taylor v. Chapman, Fla.1937, 127 Fla. 401, 173 So. 143:
“The power to discharge from custody by writ of habeas corpus is one that should be exercised with extreme caution and only in a clear case. It should not be so exercised as to needlessly embarrass the administration of *17 justice. Reffkin v. Mayo, 115 Fla. 214, 155 So. 674.”
The judgment is therefore reversed with directions to dismiss the writ and remand petitioners.
Reversed.
McCAIN and OWEN, JJ., concur.