270 So.2d 464 (1972)
Mario MACHIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-669.
District Court of Appeal of Florida, Third District.
December 15, 1972.
Phillip A. Hubbart, Public Defender, and Alan S. Becker, Asst. Public Defender, and William Clay, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Arnold R. Ginsberg, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant, Mario Machin, seeks review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of unlawful introduction of contraband into a place of detention.
Defendant was an inmate at the Florida Division of Corrections Road Prison at Big Pine Key in Monroe County. One evening defendant Machin was late in returning to the camp following a family furlough and upon his arrival he was searched by the officers in charge whereupon marijuana was found in his possession. On appeal defendant argues that the information filed charging him with a violation of F.S. § 944.47, F.S.A. was legally insufficient because the Big Pine Key Road Camp was not identified as part of the Florida Division of Corrections.
The purpose of an information is to fairly apprise the defendant of the offense with which he is charged. Drozewski v. State, Fla. 1955, 84 So.2d 329. An information should not be dismissed "unless *465 the court shall be of the opinion that the indictment, information, or affidavit is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." CrPR 3.140(o), 33 F.S.A. The information hereunder review is sufficient under the above requirements to place defendant on notice. He was not misled or embarrassed in the preparation of his defense and he was not exposed to possible double jeopardy. State v. Moss, Fla.App. 1968, 206 So.2d 692; State v. Cossack, Fla. App. 1967, 205 So.2d 344.
Defendant's remaining point has been examined and found to be without sufficient merit to demand a reversal.
No reversible error having been made to appear, the judgment and sentence hereunder review are affirmed.
Affirmed.