ADKINS, Justice.
This is a direct appeal from the Circuit Court of Dade County which held that Section 817.482, Florida Statutes (1975) (Ch. 74-137, Sec. 1, Laws of Florida) was constitutional.
The portion of the statute under attack reads as follows:
“(2) Any person who shall make or possess, for purposes of avoiding or attempting to avoid payment for long distance telecommunication services, any electronic device capable of duplicating tones or sound utilized in long distance telecommunications shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.”
On March 3rd, 1975, Gordon Palmer, a commercial pilot for Eastern Airlines, was in the terminal building at Miami International Airport on a layover between flights. As he walked past a series of pay telephones, he heard signals generated which sounded like a touch tone telephone. He observed that the tones were coming from the defendant standing at a pay phone with a device in his hand. Palmer was only three or four feet away from the defendant when this observation was made.
Palmer then contacted a security guard, who in turn found a Metro policeman. The three then went to the telephone area and observed defendant talking on the same phone at which he had previously been observed by Palmer. A minute or a minute and a half had elapsed from the time Palmer left the area until he returned with the policeman and the guard. The instrument, identified as a “Blue Box”, was taken from the defendant and determined to be in working order. An information was filed, charging that defendant:
“did unlawfully, feloniously, and knowingly make or possess, for purposes of avoiding or attempting to avoid payment for long distance telecommunication services, an electronic device capable of duplicating tones of sound utilized in long distance telecommunications, to wit: A BLUE BOX, in violation of 817.482, Florida Statutes.”
By motion to dismiss, which was denied by the court, defendant attacked the constitutionality of the statute, contending that same was vague and ambiguous. Defendant says that the statute lends itself unduly to a construction that renders the mere possession of an instrument capable of duplication of tones for the purpose of avoiding payment a felony, absent any showing of intent on the part of the possessor. In other words, the possession is unlawful even though the person in possession has no intent of violating the criminal laws. Defendant relies upon the principles stated in Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), where the Supreme Court of the United States referred to the general rule of law that to constitute guilt there must not only be a wrongful act, but a criminal intention. He says that the act is so vague that anyone of common intelligence must necessarily guess at its meaning and would differ as to its application contrary to the principles announced in Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934). The Court in Brock v. Hardie adopted the following test:
*705 “Whether the words of the Florida statute are sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable to its penalties is the test by which the statute must stand or fall, because, as was stated in the opinion above mentioned, ‘a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.’ ” Brock, supra, at 114 Fla. 678 and 154 So. 694.
When the constitutionality of a statute is assailed, if the statute is reasonably susceptible of two interpretations, by one of which it would be unconstitutional and by the other it would be valid, it is the duty of the court to adopt that construction which will save the statute from constitutional infirmity. Boynton v. State, 64 So.2d 536 (Fla.1953). The statute conveys a sufficiently definite warning as to the proscribed conduct. Measured by common understanding and practice, the statute makes it unmistakably clear that one has not violated the law unless his or her intent in making or possessing the device is to avoid or attempt to avoid payment for long distance telecommunications services.
We hold that the statute is not so vague and ambiguous as to be unconstitutional.
Defendant also says that the information merely tracks the statute, and it is so vague that it does not adequately inform defendant of the charge against him and does not inform him with such sufficiency as to enable him to prepare a defense and protect him from subsequent charges for the same act. This argument is without merit.
In order to charge one with an offense defined by a statute, the offense must be charged “in the very language of the statute, or in language of equivalent import” and “nothing can be taken by in-tendment.” Gibbs v. Mayo, 81 So.2d 739 (Fla.1955); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971). The purpose of an information is to fairly apprise defendant of the offense with which he is charged. Drozewski v. State, 84 So.2d 329 (Fla.1955); Machin v. State, 270 So.2d 464 (Fla. 3d DCA 1972). The information was sufficient and the motion to dismiss was properly denied.
Prior to trial, defendant filed a motion for a bill of particulars and the court granted that part of the defendant’s motion requesting:
“1. Whether any phone calls were made by the Defendant, on March 3, 1975, at leval [sic] three, Eastern Airlines, Miami International Airport, with the intent to avoid payment of same.”
The State never responded to the defendant’s motion. At trial, immediately following the prosecutor’s opening statement, defense counsel brought to the court’s attention the fact that the State had failed to furnish defendant the required statement of particulars. Defendant moved for a judgment of acquittal and for a mistrial, both of which were denied. Defendant now says that the trial court erred in failing to grant the mistrial.
Violation of a rule of criminal procedure does not require a reversal of a conviction unless the noncompliance with the rule results in prejudice or harm to the defendant. The rules of criminal procedure are not intended to furnish a procedural device to escape justice. Williams v. State, 316 So.2d 267, 274 (Fla.1975); Richardson v. State, 246 So.2d 771, 774 (Fla.1971); Sykes v. State, 329 So.2d 356, 358 (Fla. 1st DCA 1976); Cannon v. State, 317 So.2d 459, 460 (Fla. 1st DCA 1975). The trial court has discretion in determining whether the noncompliance results in harm or prejudice to the defendant, but the court’s discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances. Richardson, supra, at 775. However, in those cases where the court determines that the State’s noncompliance with the rule has not prejudiced the ability of the defendant to properly prepare for trial, it is essential that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record. Richardson, supra, at 775.
*706 When the defendant moved for a mistrial, the trial judge, following the directive in Richardson, supra, undertook an exhaustive “inquiry into all of the surrounding circumstances” in order to determine whether the noncompliance resulted in harm or prejudice to the defendant. The trial judge determined that defense was aware of the State’s inability to provide the required information at a much earlier time.
Prejudice in regard to the violation of a rule of criminal procedure means something which affects the ability of the defendant to properly prepare for trial. Richardson, supra. The fact that defendant came to trial without requesting sanctions prior to that time certainly indicates that he was ready for trial. Six months elapsed from the granting of his motion until the request for sanctions. There could be no prejudice affecting the ability of defendant to prepare for trial if defendant waits until the day of trial before attempting to show prejudice. The defendant made no attempt to secure an order requiring the State to comply with the rule. Nor did he call to the court’s attention the fact that such an order was necessary to his defense. See Oatman v. State, 289 So.2d 431 (Fla. 3d DCA 1974). The defendant has failed to demonstrate reversible error on this point.
The trial court correctly denied defendant’s motion for a judgment of acquittal. See Lynch v. State, 293 So.2d 44 (Fla.1974); Hoover v. State, 212 So.2d 95 (Fla. 3d DCA 1968).
There was sufficient evidence to support a finding of guilt. The defendant never denied that he was in possession of a “Blue Box”. The question of whether he possessed the device with the requisite criminal intent could be inferred from the circumstances. Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966). The facts show much more than a bare suspicion of guilt and are sufficient to support the conviction. See Davis v. State, 90 So.2d 629 (Fla.1956); Lowe v. State, 90 Fla. 255, 105 So. 829 (1925).
The defendant having failed to show reversible error, the judgment and sentence of the trial court is affirmed.
OVERTON, C. J., and BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.
HATCHETT, J., concurs in result only.